W. H. GREENLAND, Appellant, v. CITY OF DES MOINES, Appellee.

NOVEMBER 20, 1928.

*A. J. Myers* and *Oscar Strauss*, for appellant.

*Charles Hutchinson, F. T. Van Liew,* and *Theodore F. Mantz,* for appellee.

EVANS, J.—On the night of October 1, 1927, the plaintiff's son was operating the automobile in question upon the streets of

Des Moines. At about midnight, he was traveling northerly on  West Ninth Street. This street has an intersection with School Street, the latter being an east and west street. This intersection is irregular in shape, because of a "jog" in West Ninth Street at the north line of School Street. The location of West Ninth Street as it extends north from School Street lies 28 feet farther west than its location south of School Street, if extended northerly from such School Street. In short, there is a westerly "jog" of 28 feet in West Ninth Street at its intersection with School Street.

The driver of the automobile was not familiar with this condition, and was driving on West Ninth Street for the first time. It was a dark night, and was either misty or raining. The wind shield was covered with rain or mist. The "wiper" thereon (not automatic) was not used. For the purpose of better vision, the driver opened the door, and extended his head outside, for the purpose of avoiding the obstruction to vision by the wind shield. He was driving 18 or 20 miles an hour, and without any slowing down, drove across School Street and into and over the curb. His final collision was with a telephone pole that was situated in such parking on the north side of School Street. The claim is that the larger damage to the car was the result of this final collision.

The specifications of negligence are: (1) The failure to have lights, or other signals, at the northeast corner of the intersection, sufficient to warn approaching drivers; (2) the permitting of the telephone pole to remain in its location at such northeast corner, and especially the permitting of said pole to remain after it had ceased to be used for its original purpose; (3) the failure to place a light or signal upon such pole, adequate to warn approaching motorists.

I. We inquire first whether any of the alleged negligent acts of the city could be deemed the proximate cause of plaintiff's injury. It is not claimed that the location of the telephone pole operated in any manner to deceive or mislead the driver of the automobile, so as to cause him to depart from the pavement. Nor is it claimed that the pole was so located as to present any menace to the safety of motorists traveling upon the pavement. The location of the pole beyond the curb upon School Street

was in no sense the proximate cause of the accident, even though it may have contributed to the enhancement of plaintiff's injury. Nor did the pole, as located, necessarily constitute a nuisance, as contended. The statute expressly authorizes the location of telephone poles upon and along the public streets. Section 5904, Code of 1927. As a matter of common knowledge and observation, it may be said that, in the practical exercise of this authority, such telephone poles are located in the parking, and outside of the line of travel. Such was the location of the telephone pole in question. It may be taken as a matter of common knowledge, and observation also, that only a part of the width of a street is devoted to motor travel or traffic. Such traffic is confined to the paved space between the curbs. Between the curb and the street line is the so-called parking. It is permissible to devote the parking to many other uses than that of public travel. Trees may be planted therein. Trees and poles must necessarily obstruct travel. They are permissible upon the parking because travel is *not* permissible thereon. It necessarily follows that the city authorities are not bound to keep the parking free from obstruction to travel. The appellant recognizes the force of this argument, and avoids it by the contention that the pole in question was a useless one, in that the wires had been removed therefrom. Whether such condition was temporary or permanent does not appear. In any event, its character as an obstruction was in no wise altered. Presumptively, it was properly located in the first instance, and nothing is shown to overcome the continuance of such presumption. The accident culminated at the curb. This was the initial collision. If the curb had been higher, the collision would have been complete, and the automobile could have proceeded no farther. Necessarily, such a collision would have been more effective than the later collision with the pole, because the momentum was greater at the curb than it was at the pole.

. . II. In the foregoing division, we have spoken negatively. To speak affirmatively, we may briefly inquire what was the proximate cause of plaintiff's injury. The paving on West  Ninth Street and on School Street was 35 feet wide. At the southeast corner of the intersection was a street light. At the northwest corner thereof, there was another street light. The

automobile carried lights, and traveled at 18 or 20 miles an hour. Under ordinary circumstances, the shift in West Ninth Street would be plainly visible at any time, either of night or day. On this night, rain and mist and an obscured wind shield interfered with visibility. Presumptively, the automobile lights were such as to render visible any object 75 feet distant. The driver failed to get the benefit of his lights or of the street lights, because of the condition of his wind shield. The wiper of the wind shield was not effective. Because of this condition, the driver could not see what was ahead of him. He drove into the darkness at 18 miles an hour. The driver's explanation of his failure to see was the effect of the rain and mist upon his wind shield. When visibility was lost, the car should have stopped. It availed him nothing to carry automobile lights if his wind shield was obscured. The loss of visibility and the venture of the driver to proceed without it were clearly the proximate cause of this accident. *Shannon v. City of Council Bluffs*, 194 Iowa 1294; *Blain v. Incorporated Town of Montezuma*, 150 Iowa 141.

The foregoing is decisive of the case, and we need not consider other specifications. The appellant complains of a ruling by the district court rejecting offered evidence; but no exception to such ruling was saved.

For the reasons here indicated, the judgment of the district court is—*Affirmed*.

STEVENS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.