LEO W. CAUDLE, Appellee, v. RALPH ZENOR et al., Appellants.

No. 41900.

NOVEMBER 14, 1933.

Miller, Miller & Miller, for appellants.

Paul G. James, Dring D. Needham, and David R. Miller, for appellee.

MITCHELL, J.—The appellee resides at Earlham, Iowa, and at the time of the accident he was twenty-four years of age and was an agent for the Standard Oil Company. On the evening of December 21, 1931, he drove his Chevrolet coach from Earlham to Adel, where he stopped at the Standard Oil Company station across

from the courthouse, at about 9 o'clock. He then left Adel for Des Moines on United States Highway No. 6, which is the paved highway between Des Moines and Omaha. The appellant Zenor was driving a Durant sedan, owned by the appellant the O'Dea Motor Company, westwardly towards Adel on paved Highway No. 6. Both Zenor and Caudle were traveling alone. It had rained some that day and was foggy. The windshield wiper on the appellee's car was operating, and his headlights were turned on. He was driving east on the south side of the pavement from 20 to 25 miles per hour. He met and passed other cars. The appellant Zenor was driving west, and was driving with his lights off. According to his testimony, he could see better with his lights off than with them on. Appellant at the time of the accident was driving west, at the rate of about 35 miles per hour. According to appellant's testimony, he was on the north side of the pavement, but according to the testimony of the appellee, Zenor was traveling partly on the south side of the highway. The left front wheels of the cars crashed into each other.

At the end of the testimony the appellants moved the court to direct a verdict for the appellants. The court overruled the motion. The case was submitted to the jury and the jury returned a verdict in favor of the appellee in the amount of $350. And being dissatisfied with the ruling of the court upon the motion to direct and certain of the instructions given by the court, and the judgment of the jury, the appellants have appealed to this court.

It is interesting to note that the evidence in this case covers just fourteen pages in the abstract. Only two witnesses testified in regard to how the accident happened—the appellant Zenor and the appellee Caudle. The appellants have submitted a very able and elaborate brief and argument, consisting of ninety-nine pages, and in said argument have raised numerous questions.

I. The first question which the appellants rely upon for reversal is that the appellee was guilty of negligence in driving his car on the evening of the accident at a speed of 20 to 25 miles an hour, due to the weather conditions which prevailed at that time. The record shows that on the evening of the accident there was a fog; that the appellee was driving his car at the rate of 20 to 25 miles an hour; that he could see a distance of 20 to 25 feet ahead of his car. The appellant Zenor testified that he could see a distance of 50 to 75 feet, and that a car approaching with lights turned

on he could see a distance of a hundred yards or 300 feet. The appellant cites a great many cases, among them the case of Greenland v. City of Des Moines, 206 Iowa 1298, 221 N. W. 953. In the Greenland case the facts are entirely different than the facts in the case at bar. In the Greenland case it was rainy and misty, and an obscure windshield interfered with visibility. In the case at bar it was not raining. In the Greenland case the wiper on the windshield was not effective; in the case at bar it was working. In the Greenland case the driver of the car could not see what was ahead of him. Even the appellant Zenor testifies in this case that he saw the appellee's car when it was between 50 and 75 feet from him, and he also testifies that he could see a car with headlights on it a distance of a hundred yards or 300 feet away. The fog on the evening of the accident was not a London fog, of which we read and hear so much. Under the record in this case, clearly, this court cannot say as a matter of law that the appellee was guilty of contributory negligence for driving his car on the public highway under the climatic conditions that existed at that time.

II. The appellants complain because the appellee upon seeing the appellant Zenor's car approaching did not turn to the right, claiming that failure to do so is the best evidence of lack of control and improper lookout upon the part of the appellee. There is, of course, a conflict in the testimony, but according to the appellee he was driving between 20 and 25 miles per hour and was on his own side of the road. It was foggy. His windshield wiper was going, and he was naturally looking for lights and saw none, for the very good reason the appellant Zenor himself admits he was driving without any lights. According to the appellant Zenor's testimony the appellee was driving at the rate of 35 miles per hour, without any lights. And so the two cars were approaching each other at a rate of speed of better than 75 feet a second. The appellee was confronted with an emergency of an unlighted car plunging directly at him, and it doesn't lie in the mouth of the appellant to complain that the appellee was unable to get out of his way.

III. The appellant argues with a great deal of force that the appellee was guilty of contributory negligence as a matter of law with respect to the violation of the assured clear distance ahead statute. This court has held in the case of Hoegh v. See, 215 Iowa 733, 246 N. W. 787, that the assured clear distance ahead statute

applies to a situation where the cars are approaching each other from opposite directions. In the case of Jeck v. McDougall Construction Co., reported in 216 Iowa 516, 518, 246 N. W. 595, 596, this court said:

"Appellant's contention, however, is that the deceased did not have his car under control and was driving the same at a speed greater than would permit him to bring it to a stop within the 'assured clear distance ahead'; hence he was guilty of contributory negligence as a matter of law.

"A careful reading of the record, however, shows that reasonable minds might disagree on this question, and, taking this into consideration, together with the fact situation in the case, we reach the conclusion that the question of contributory negligence was one for the jury."

In the case just cited the obstruction was stationary. In the case at bar it was approaching at night in a fog, at 35 miles per hour, without lights, and, according to the appellee, on the wrong side of the road.

In the case of Lindquist v. Thierman, reported in 216 Iowa 170, 178, 248 N. W. 504, 508, this court said:

" 'This duty does not extend so far as to require that it must always be possible to bring the car to an immediate stop on the sudden arising of a dangerous situation which the driver could not reasonably have anticipated.' "

And so in the case at bar, the driver of the appellee car could not reasonably have anticipated that appellant would be driving his car after dark, in a fog, without lights, at the rate of 35 miles per hour, and, according to the appellee's testimony, on the wrong side of the road.

The appellants also complain that the appellee cannot explain his failure to comply with section 5029 with the excuse that his vision was so impaired as to make it impossible for him to comply with the provisions of the statute. And appellant cites the case of Wosoba v. Kenyon, 215 Iowa 226, 243 N. W. 569, in which case the driver had no vision ahead. In the case at bar the driver was able to see ahead, and even the appellant Zenor himself admits that he could see a car with lights turned on a distance of a hundred yards or 300 feet ahead. The duty of a driver in a fog, where his visibility is lim-

ited but not destroyed, is well stated in the case of Salera v. Schroeder, 183 Minn. 478, 237 N. W. 180, 181:

"A stop is not required, but 'in driving through a fog bank each driver must do so in a careful and prudent manner, with due regard for the safety of others, and what is careful and prudent under the particular conditions shown will usually be a question for the jury.' "

And so in the case at bar, under the facts in this case as shown by the evidence, the question of whether or not the driver of the appellee car proceeded in a careful and prudent manner, with due regard for the safety of others, was a question for the jury, and same was submitted to the jury, and the jury held against the contention now made by the appellants.

IV.   Appellants next contend that the appellee was guilty of contributory negligence in that he did not have such control of his car as would permit him to avoid the obstacles which came within the range of his vision.   In the case of Carlson v. Jacob E. Decker & Sons, 216 Iowa 581, 585, 247 N. W. 296, 297, this court says:

"The evidence shows that the appellee was watching the road at the time of the collision.   She testified that she saw no lights. There is substantial evidence in the record to show that the appellants' truck was being driven without lights.   Then, clearly, appellee could not be charged with contributory negligence in not seeing the truck, and the absence of lights on the truck could well be the proximate cause of the collision."

In the case at bar the evidence shows that the appellee was watching the road at the time of the collision.   The appellee saw no lights, for the appellant Zenor admits that at the time of the accident he did not have his lights turned on.   Certainly under such a state of facts the appellee could not be charged with contributory negligence as a matter of law in not seeing the appellant's car, and the absence of the lights on appellant's car, which is an admitted fact, could well be the proximate cause of the collision.

V.   The appellants also complain of the instruction given to the jury on the question of lights, being instruction No. IX.   The court in the first part of the instruction set forth the exact provisions of the state statute.   In the second portion of the instruction, inasmuch as the appellant admitted he was driving without lights and without any excuse therefor (as he admitted they were in working

order), the court properly instructed the jury that the appellants were guilty of negligence. And in the third portion of the instruction the court, in view of the dispute as to appellee's lights, left the question to the jury and plainly told the jury that if the appellee was operating without proper lights the appellee would be guilty of negligence as a matter of law and could not recover. It is, of course, impossible to incorporate all of the law in one instruction. And it is a well-known rule, which needs no citation of authorities, that the instructions must all be read together. In instruction No. IV the court told the jury plainly that the burden of proof was on the appellee to establish that the alleged negligence on the part of the appellant Zenor, if any, was the proximate cause of the accident, and unless the appellee established this and the other propositions by a preponderance of the evidence, the appellee would not be entitled to recover. Taking the instructions as a whole, we find no error in them, and the court, under the facts as shown by the evidence, properly instructed the jury. After a careful consideration of the record in this case, we come to the conclusion the question of whether or not the appellee was entitled to recover was a question for the jury, and that the same was submitted to the jury under proper instructions.

The judgment of the lower court must be, and it is hereby, affirmed.

ALBERT, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.