E. D. McCoy, appellant, v. ELEANOR TOTTEN, appellee.

No. 52186.

OCTOBER 18, 1966.

E. D. McCoy, of Waterloo, for appellant.

Butterfield, Ball, Beekman & Peterson, of Waterloo, for appellee.

RAWLINGS, J.—Plaintiff brought an action at law against defendant alleging he was engaged by her, and another prospective co-executor, to serve as attorney in probating the estate of a decedent for which defendant personally agreed to pay the statutory fee.

On trial to the court judgment was entered for defendant and plaintiff appealed.

■ Despite past warnings given we have before us a record which fails to comply with the Rules of Civil Procedure. Appeals in civil cases are governed by those rules and compliance has been held to be jurisdictional. Jackson v. Jackson, 248 Iowa 1365, 1368, 85 N.W.2d 590, and Hagmeier v. Dryden Rubber Division, 245 Iowa 1121, 1123, 1124, 66 N.W.2d 111.

■ This record fails to disclose the giving of any notice of appeal. Rules 336 and 340, R. C. P. It is important the record show the notice of appeal and the date thereof. Phoenix v. Stevens, 256 Iowa 432, 434, 127 N.W.2d 640.

Independent inquiry discloses such a notice was given and filed pursuant to the rules. Even so, we entertain this case hesitantly and only as a matter of grace.

However, a caveat is again in order. Substantial compliance with the rules is the only safe course to follow. See In re Estate of Gerdes, 244 Iowa 332, 336, 337, 56 N.W.2d 897, 70 A. L. R.2d 210.

By his petition plaintiff asserted he was retained December 30, 1963, by defendant and Rev. Joseph Weber, to serve as attorney in probating the estate of Mathias Rieder, deceased, for which defendant orally agreed to pay the fee provided by section 638.24, Code of Iowa.

Plaintiff claims he performed all services in connection with the opening of the estate, securing appointment of the named executors and preparation of an inventory, but about January 30, 1964, was discharged without cause by the executors. He asks judgment for $736.74.

By answer defendant denied plaintiff's allegations, also asserting plaintiff filed his claim and was allowed a fee by the probate court which plaintiff accepted as a result of which his action against defendant was barred.

To the extent here material the stipulated meager record discloses as follows: "On December 30, 1963, above appellee and Rev. Weber went to appellant's office and requested appellant to handle the legal work involved in probating the MATHIAS RIEDER ESTATE. At that time appellant advised appellee and Rev. Weber of the statutory fees allowed executors and attorneys for performing the required duties in probating

an estate. Appellant proceeded to perform various functions in the RIEDER ESTATE, including the appointment of appellee and Rev. Weber as co-executors of said estate. Subsequently, he received a letter from the co-executors stating that they were terminating the appellant's legal position with the RIEDER ESTATE. * * *."

The record also reveals plaintiff was granted judgment for $100 attorney fee by the probate court which was received by him.

In denying plaintiff any recovery the trial court found the probate court had exclusive jurisdiction, and the judgment there entered barred plaintiff's action at law against defendant under the doctrine of res judicata.

We agree plaintiff was not entitled to judgment against defendant.

I. Plaintiff here sued defendant personally, not in any representative capacity. The burden was upon him to show by a preponderance of the evidence defendant personally agreed to pay any fee for legal services to be performed by him in probating the Rieder estate. Rule 344(f)(5) and (6), R. C. P.

The record fails to disclose any contract such as claimed by plaintiff. Stated otherwise plaintiff failed to prove his case. See Kladivo v. Melberg, 210 Iowa 306, 313, 227 N.W. 833; Port Huron Mach. Co. v. Wohlers, 207 Iowa 826, 829, 221 N.W. 843; 17 C. J. S., Contracts, section 1(2), page 545; 17 Am. Jur.2d, Contracts, section 1, page 331; and 8 Drake Law Review 91.

II. It is of no consequence that the trial court found for defendant on other grounds. We have said: "It is well settled that a court decision which is proper on any ground shown by the record will not be disturbed * * *." Schnabel v. Vaughn, 258 Iowa 839, 845, 140 N.W.2d 168, 172. See also Mallinger v. State Farm Mut. Auto. Ins. Co., 253 Iowa 222, 234, 111 N.W.2d 647.

There is no need to further extend this opinion.—Affirmed.

All JUSTICES concur.