Gus H. SCHRADER and Lillian Schrader, Husband and Wife, and Cornelius Pals and Claire Pals, Husband and Wife, Appellees,

v.

SIOUX CITY, a Municipal Corporation, Appellant.

No. 53270.

Supreme Court of Iowa.

May 6, 1969.

**670**

Paul M. Mahr, Sioux City, for appellant.

Wallace W. Huff, of Crary, Huff & Yates, Sioux City, for appellees.

SNELL, Justice.

This case is before us following condemnation proceedings by City of Sioux City, appeal to district court by condemnees, jury finding of damages and court determination of interest and attorney fees.

I. Our first problem is determination of the issues before us on this appeal. For this purpose we set forth the chronology of events.

The City of Sioux City constructed a viaduct on Sixth Street in the city abutting plaintiffs' property but refused to commence condemnation proceedings. Plaintiffs, alleging damage to their properties, by mandamus sought an order directing condemnation proceedings. After hearing the city was directed to proceed by condemnation. The city did so and damages were assessed.

The condemnees were dissatisfied and appealed to the district court. The trial there, wherein the condemnees became plaintiffs and the city defendant, resulted in an increased award and allowance of attorney fees and was followed by this appeal by the city.

Prior to the introduction of evidence plaintiffs filed a Motion in Limine seeking limitation of defendant's attempt to restrict the issues because of the determination in the mandamus action. Plaintiffs' motion was sustained and defendant claims error.

The case proceeded to trial and defendant claims errors in the receipt of evidence and instructions to the jury. Following the jury verdict a supplemental hearing was had and the computation of interest and allowance of attorney fees determined. Error is claimed incident thereto.

The jury verdict assessing damages was returned on October 23, 1967 at 8:45 P. M. This was the determination of damages. In such cases no judgment except for costs is entered. See section 472.23, Code of Iowa. The award was entered of record October 24, 1967.

Defendant's motion for new trial was filed November 2, 1967. Hearing thereon was held December 14, 1967. On December 26 the motion was overruled.

Plaintiffs' attorneys filed application for allowance of attorney fees and for fixing the date from which interest on plaintiffs' award should be computed.

Hearing on this application was held on November 30, 1967 and evidence going to the allowance of attorney fees was introduced.

On December 27, 1967 the court filed "Ruling of Court on Application for Allowance of Attorney Fees and Interest."

The court made extensive findings and conclusions, determined the date from which interest should be computed and fixed the attorney fees. This was entitled "Order and Judgment."

On January 24, 1968 the following notice of appeal was filed:

"TO THE CLERK OF THE DISTRICT COURT OF WOODBURY COUNTY, IOWA, You are hereby notified that the Defendant in this case hereby appeals to the Supreme Court of Iowa from the final judgment and decision in this cause entered on the 27th day of December, 1967, and from the final order and decree herein and from all interlocutory rulings and decisions adverse to appellant. Dated at Sioux City, Iowa, on this 24th day of January, 1968. (Signed) Paul A. Mahr, 310 City Hall, Sioux City, Iowa."

Appellees filed Motion to Dismiss Appeal as to all claimed errors except those directly involved in the decision of December 27, 1967, (claimed error number 12). It is argued on full submission that our jurisdiction is limited to the matters included in the notice of appeal and that the notice of appeal is limited in its scope.

Rule 331, Rules of Civil Procedure, (also appearing in chapter 686 relating to procedure in the Supreme Court) Code of Iowa, provides to the extent applicable here:

"From final judgment.

"(a) All final judgments and decisions of courts of record, * * * may be appealed to the supreme court * * *. For the purpose of this rule any order granting a new trial * * * and any order denying a new trial shall be deemed a final decision. * * *"

It is clear that under this rule the court's decision of December 26, 1967 overruling defendant's motion for a new trial was a final decision on all matters involved therein and was appealable. See Neff v. Iowa State Highway Commission, 253 Iowa 98, 111 N.W.2d 293.

The district court jury award in this case was in excess of the award by the condemnation commissioners.

Section 472.33, Code of Iowa, provides:

"Costs and attorney fees. The applicant shall pay all costs of the assessment made by the commissioners. The applicant shall also pay all costs occasioned by the appeal, including reasonable attorney fees to be taxed by the court, unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the tribunal from which the appeal was taken."

The trial court's ruling of December 27, 1967 from which the appeal was taken set forth the nature of the application in these words: "The application now before the court is to tax reasonable attorney fees as a part of the costs herein under section 472.23 of the Iowa Code, and to fix the time from which the plaintiffs are entitled to interest upon the jury's verdict."

The matters involved were specifically stated. Nothing else was involved. The order was supplemental to the jury award and was a determination authorized by statute but in no way went to the question of damages involved in the award.

As stated by the trial court there were two issues to be determined in the supplemental hearing. They were separate and distinct from the issues in the jury trial.

■ The court determined the date from which interest should be allowed. This was a matter for the court.

In Harris v. Green Bay Levee and Drainage District, 246 Iowa 416, 419, 68 N.W.2d 69, 71, this appears:

"The jury function is confined to determination of damages and does not consider the matter of interest which is the duty of the court. Under all of our decisions in such matters interest is not considered a part of the damages."

On page 421 of the same opinion, 68 N.W.2d on page 72, this appears:

"The trial court should determine the date possession was acquired by the defendants herein, and award plaintiffs inter-est from that date at the legal rate of 5% per annum until paid."

See also Strange Bros. Hide Co. v. Iowa State Highway Commission, 250 Iowa 450, 93 N.W.2d 99.

The trial court's ruling on interest has not been argued on this appeal and is not before us.

The trial court's allowance of attorney fees is before us and will be considered, infra.

The proposition that determination of attorney fees is appealable is not questioned but see Henderson v. Iowa State Highway Commission, Iowa, 151 N.W.2d 473, and In Re Condemnation of Lands, Iowa, 153 N.W.2d 706.

Rule 336, Rules of Civil Procedure, provides that a notice of appeal " * * * shall specify the parties taking the appeal, and the decree, judgment, order or part thereof appealed from. * * * "

■ Compliance with the rules is mandatory and jurisdictional. McCoy v. Totten, 259 Iowa 699, 145 N.W.2d 662.

■ In the case before us there were two appealable determinations, i.e. the order overruling motion for new trial and the order allowing attorney fees.

■ The notice of appeal specified the decision of December 27, 1967 and was sufficient to include all matters inherent therein, but made no mention of matters involved in the jury trial. We have repeatedly held that a notice of appeal must sufficiently describe the judgment or order appealed from so as to leave no doubt as to its identity.

Rosmann v. Lawler, 257 Iowa 1292, 136 N.W.2d 513 involved a notice of appeal stating " 'plaintiff has appealed and does hereby appeal from the adverse ruling of the trial court and from all adverse rulings of the trial court in connection with such matter.' " We reviewed the authorities

and on pages 1294 and 1295, 136 N.W.2d on page 515 said:

"The rule that prevails in Iowa seems to be the one generally recognized. 'As a general rule, the notice or citation should *·* * describe the judgment, order, or decree appealed from so as to identify it sufficiently.' 4 Am.Jur.2d, Appeal and Error, section 319, page 805. '* * * the notice of appeal must always sufficiently describe or specify the judgment or order appealed from, so as to leave no doubt as to its identity.' 4A C.J.S. Appeal and Error § 593(6), page 340."

We conclude that our jurisdiction is limited to a review of the matters involved in the decision of December 27, 1967.

II. The application for allowance of attorney fees for plaintiffs' counsel was supported by itemized statements showing the dates and nature of work performed in preparation and trial. The testimony of plaintiffs' attorneys supported the statements as to time and nature of the work. The experience of counsel, the difficulties encountered and their customary charges for such work appeared. In the condemnation appeal plaintiffs were represented by two experienced trial attorneys.

Plaintiffs also offered the testimony of two other experienced and favorably known attorneys practicing in Sioux City. Their testimony supported the reasonableness of the charges.

Trial in district court had resulted in an increase in the award of over $18,000.

Evidence for the city consisted of cross examination of plaintiffs' witnesses and introduction of the current minimum fee schedule of the Sioux City Bar Association.

The amounts claimed and allowed were slightly above the minimum but well within the schedule.

The court disallowed the claim for services incident to the mandamus action that forced condemnation and for a contemplated appeal.

The court in considering what should be allowed said:

"It must be remembered that both Mr. Huff and Mr. Crary are outstanding and capable members of the bar with long experience. Their services should be compensated upon a basis commensurate with such ability and experience.

"The record shows that Mr. Huff spent 41 hours and Mr. Crary 20 hours in preparation for the trial of this appeal. This was not the ordinary or 'garden variety' of appeal, where the condemnor physically took a piece of real estate. It contained the more unusual questions of interference with light, air, view and access involving somewhat more intricate questions of both fact and law. The case was well prepared and meticulously tried on both sides. It is the opinion of the court that the time spent in its preparation was well within the bounds of necessity. The trial consumed six days, reflecting the care given it by the attorneys involved.

"Another, and very important, factor to be considered is the result obtained. It is impossible to tell the exact amount of the jury award over that of the commission, but it was a minimum of $18,000.00. It can scarcely be said that the result was not a very good one. This is an item for which there are no guidelines. But such amount should be such as to recognize the ability, skill and endeavor of the attorneys involved."

The court found:

"1. That the reasonable value of the services of plaintiffs' attorneys for preparation for trial of the appeal from the assessment of the commission is the sum of $1525.00, based on $25.00 per hour for 61 hours.

"2. That the reasonable value of the services of such attorneys in such appeal in the trial of such appeal is $2700.00 based

upon $450.00 per day for both participating attorneys.

"3. That the reasonable value of the services of such attorneys rendered in connection with defendant's motion for new trial is the sum of $150.00.

"4. That the total attorney fees to be taxed as part of the costs herein is the reasonable sum of $5875.00, including an allowance of $1500.00 reflected in the result obtained." * * *

The court then ordered that such amount be taxed as reasonable attorney fees and as costs.

The findings of fact were in accord with the evidence and there was nothing to the contrary.

■ The allowance of attorney fees is not reviewable de novo by us. We have also said that the court itself was an expert as to what was reasonable. The trial court has considerable discretion although the exercise must be reasonable, not arbitrary. Tilton v. Iowa Power and Light Company, 250 Iowa 583, 590, 94 N.W.2d 782 and Gabel v. Gabel, 254 Iowa 248, 250, 117 N.W.2d 501.

■ Where, as here, the allowance was in accord with the evidence, within the court's discretion, and there is nothing to indicate that it was unreasonable or arbitrary we may not interfere.

III. Because of our conclusion in Division I, supra, full discussion of other alleged errors in unnecessary.

■ Although it is admittedly dictum we will say for the benefit of defendant's counsel that we have examined the record in its entirety and find no reversible error.

The case is

Affirmed.

GARFIELD, C. J., and LARSON, MOORE and MASON, JJ., concur.

BECKER, STUART and LeGRAND, JJ., dissent.

RAWLINGS, J., takes no part.

BECKER, Justice.

I cannot concur in the result at this time. The appeal was timely as an appeal from ruling on motion for new trial, as well as from allowance of attorney fees.

The notice of appeal was from "the final judgment and decision in this cause entered on the 27th day of December, 1967, and from the final order and decree herein, and from all interlocutory rulings and decisions adverse to appellant." It is hypertechnical to rule that the notice did not include the order overruling motion for a new trial. The defendant has not had its appellate rights as provided by our rules.

STUART and LeGRAND, JJ., join in this dissent.