**Eugene HELLAND et al., Appellees,**

**v.**

**YELLOW FREIGHT SYSTEM, INC., et al., Appellants.**

**No. 55249.**

Supreme Court of Iowa.

Feb. 21, 1973.

Rehearing Denied April 18, 1973.

Kersten, Opheim & Estes, Fort Dodge, for appellants.

Hopkins, Bump & Huebner, Des Moines, for appellees.

RAWLINGS, Justice.

Jury trial of three separate negligence actions in one count for damages resulting from multiple vehicle collision resulted in judgment on verdict for one plaintiff from which defendants appeal. Trial court subsequently held other two plaintiffs were entitled to judgment and from that holding defendants also attempt an appeal. We affirm in part, dismiss in part.

April 15, 1969, at about 6:30 A.M. a semi-truck trailer combination, owned by defendant Yellow Freight, being operated in a southerly direction by defendant Schwalbe on Highway 69 in Wright County, jackknifed across the road and collided with a train. Within a few minutes another like rig, also owned by Yellow Freight, operated by defendant Runyon, traveling in the same direction, came on the scene. Runyon saw the rear of Schwalbe's unit blocking the southbound lane and applied the brakes. His rig also jackknifed but stopped just short of Schwalbe's travel obstructing combination.

Soon thereafter a same direction semi-truck owned by plaintiff Doughboy, operated by plaintiff Helland, pulling a trailer owned by plaintiff Stromen, approached and struck the Schwalbe rig. Helland was resultantly injured, the Stromen and Doughboy vehicles damaged.

Runyon testified a third rig was known to be approaching so he ran north with three fusees, stuck one in the center highway tar about 50 yards from the railroad crossing, then continued north waving the other two fusees. According to his testimony he reached a point about 150 feet north of the aforesaid planted fusee when the Helland driven outfit passed him. Runyon stated he then shouted "watch out", and opined the pavement placed fusee could be seen for 150 feet.

Helland testified his loaded rig weighed 68,000 pounds, he saw neither fusees nor lights at or anywhere near the railroad crossing, heard someone yell "watch out", was then driving about 40 miles an hour, swerved to miss the shouting person, slacked off on the speed, straightened his unit, saw the road blocking rigs ahead and hit the brakes but struck the Schwalbe outfit.

Schwalbe's testimony discloses he saw Runyon running north but the witness could not say for sure that the latter had fusees in his hands. In his opinion visibility was 150 and maybe 200 feet.

Vernon R. Elston, deputy sheriff, arrived at the scene about 6:48 A.M. He

saw neither fusees nor pot flares on the highway.

This is the record before us viewed in a light most favorable to plaintiffs. See Olson v. Katz, 201 N.W.2d 478, 480 (Iowa 1972); Kiger v. Meehan, 253 Iowa 746, 748, 113 N.W.2d 743 (1962).

Trial jury found for plaintiff Helland alone. From judgment entered thereon defendants served notice of appeal.

I. Before addressing outselves to the issues here presented it is essential we resolve the matter of appellate jurisdiction.

March 5, 1971, judgment above mentioned was entered on the jury verdict for Helland.

March 12, 1971, Stromen and Doughboy each moved to "Augment Verdict" as to them in accord with trial stipulated damages. At the same time they filed motions for a new trial limited to the damage issue. Defendants resisted the motions to "Augment Verdict" and in turn moved for a new trial.

By ruling entered June 4, 1971, trial court overruled all new trial motions, then with regard to Stromen and Doughboy "ORDERED that Plaintiffs' motion for additur be sustained, and the amounts shown in the foregoing item 'B' be added to verdict and resulting judgment."

June 18, 1971, defendants served the aforesaid notice of appeal "from the Judgment Entry on the Jury Verdict" and on adverse rulings in course of trial, but no judgment had then been entered for Stromen and Doughboy. Not until June 28, 1971, did trial court enter a "Supplemental Judgment" for these two plaintiffs. Furthermore, that was specifically done "In accordance with the Court's rulings on the motions of Stromen Transfer Inc. and Doughboy Industries, Inc. to Augment Verdict filed herein on June 4, 1971".

No subsequent notice of appeal was served.

Helland has filed a motion for dismissal of appeal taken from judgment for him. Neither Stromen nor Doughboy have so moved, but as to them we are satisfied defendants have attempted an appeal, absent requisite permission, from the above quoted June 4th interlocutory order.

▆▆▆ Pertinent hereto is this statement in Johnson v. Iowa State Highway Comm., 257 Iowa 810, 812, 134 N.W.2d 916, 917 (1965):

"The right of appeal is statutory and in civil cases is governed by the Iowa Rules of Civil Procedure which have the force and effect of statute. Rule 331 provides for two classes of appeals.

" '(a) All final judgments and decisions * * * may be appealed * * *.

" '(b) No interlocutory ruling or decision may be appealed, except as provided in rule 332, until after the final judgment or order. * * *.'

"Rule 332(a) states: 'Any party aggrieved by an interlocutory ruling or decision * * * may apply to the supreme court or any justice thereof to grant an appeal in advance of final judgment. * * *.'

"We have consistently held we have no jurisdiction to entertain an appeal where no final judgment was entered and no permission to appeal from any ruling less than a final judgment or decision was obtained. (Authorities cited).

"A final judgment or decision is one that finally adjudicates the rights of the parties. It must put it beyond the power of the court which made it to place the parties in their original position. A ruling or order is interlocutory if it is not finally decisive of the case. (Authorities cited)."

See also 4 Am.Jur.2d, Appeal and Error, § 56; cf. Culligan Soft Water Service v. Berglund, 259 Iowa 660, 663, 145 N.W.2d

604 (1966); McCoy v. Totten, 259 Iowa 699, 701, 145 N.W.2d 662 (1966).

■ Moreover, it is of no significance that Stromen and Doughboy have not moved for dismissal. We must, of our own volition, review and act upon any unauthorized appeals. See Lundberg v. Lundberg, 169 N.W.2d 815, 817 (Iowa 1969); Harden v. Illinois Central R. Co., 254 Iowa 426, 429, 118 N.W.2d 76 (1962).

■ The record reveals Helland, Stromen and Doughboy each pled a separate cause of action arising out of the same event, seeking attendant individual redress, albeit in one "count". See Iowa R.Civ.P. 23, 70, 79; Guinn v. Millard Truck Lines, Inc., 257 Iowa 671, 680–684, 134 N.W.2d 549 (1965); Bailey v. Roat, 178 Misc. 870, 36 N.Y.S.2d 465, 467–468 (1942); 59 Am.Jur.2d, Parties, §§ 104–105, 109; 67 C.J.S. Parties §§ 20–21.

And absent timely motion to require that these individual actions be pled in separately numbered divisions, or pursued independently, defendants now have no cause for complaint. See Iowa R.Civ.P. 27; Appanoose County Assn. v. Tax Commission, 261 Iowa 1191, 1197, 158 N.W.2d 176 (1968); Joy v. Bitzer, 77 Iowa 73, 78, 41 N.W. 575 (1889); 5 Am.Jur.2d, Appeal and Error, § 593.

We are therefore without requisite jurisdiction to entertain defendants' attempted appeal as to plaintiffs Stromen Transfer, Inc. and Doughboy Industries, Inc.

■ II. With regard to plaintiff Helland, however, the record discloses, as aforesaid, a final judgment was entered March 5th and defendants' new trial motions were overruled June 4th. This constituted a final appealable adjudication as to Helland. See Iowa R.Civ.P. 331.

It therefore follows defendants' June 18 notice of appeal from the Helland judgment was timely and proper. See Iowa R. Civ.P. 335.

The motion to dismiss this appeal, filed by Helland, must therefore be overruled.

In light of the foregoing our review is confined to issues presented on appeal taken from the Helland judgment. Errors thus urged are, trial court erred in (1) submitting a jury instruction regarding defendants' negligence in failing to place lighted fusees on the highway; (2) overruling defendants' motions for directed verdict predicated on Helland's contributory negligence as a matter of law in (a) driving at an excessive speed and (b) failing to stop within the assured clear distance; (3) overruling defense objection to a question asked of the plaintiff called witness Elston. These asserted errors will be considered in the order presented.

■ III. We are satisfied submission of a jury instruction regarding placement of fusees by Runyon was instantly proper.

Defendants seemingly urge, since Runyon's testimony regarding placement of a fusee was never directly contradicted it therefore stands as an absolute verity.

In taking that position they apparently overlook variant testimony by Helland and Elston, set forth above, and applicable standards.

This court is committed to the rule that even where facts are not in dispute, if reasonable minds may draw different inferences from them, a jury question is generated. See Iowa R.Civ.P. 344(f)(17). E. g., Weisbrod v. State, 193 N.W.2d 125, 128 (Iowa 1971); Guinn v. Millard Truck Lines, Inc., 257 Iowa at 676, 134 N.W.2d at 553.

We cannot say, as a matter of law, all minds would reasonably reach the same conclusion as to whether Runyon did or did not place lighted fusees in accord with The Code 1966, Section 321.448.

It is to us apparent there was sufficient substantial evidence to generate a jury issue on this subject.

■ IV. Next to be considered is defendants' claim to the effect plaintiff was contributorially negligent as a matter of law and the directed verdict motions by de-

fendants, foundationed thereon, should have been sustained. We disagree.

Dealing with that subject in Weisbrod v. State, 193 N.W.2d at 128, this court said:

"It is also axiomatic, contributory negligence is usually a fact issue, not one of law, to be determined by the trier of facts. Rule 344(f)(10), Iowa R.Civ.P.; Robeson v. Dilts, 170 N.W.2d 408, 412 (Iowa); Weppler v. Smith, 252 Iowa 679, 686, 108 N.W.2d 247, 251; Leinen v. Boettger, 241 Iowa 910, 926, 44 N.W.2d 73, 82.

"And even where the facts are not in dispute, if reasonable minds may draw different inferences from them, a jury question is generated. Rule 344(f)(17), Iowa R.Civ.P.; Tillotson v. Schwarck, 259 Iowa 161, 164, 143 N.W.2d 284, 286. Only in a rare and exceptional case, where lack of reasonable care is so flagrant, manifest and palpable that reasonable minds may fairly reach no other conclusion, is the question one of law for the court. Pastour v. Kolb Hardware, Inc., 173 N.W.2d 116, 124 (Iowa); Demers v. Currie, 258 Iowa 507, 510, 139 N.W.2d 464, 466; Auen v. Kluver, 250 Iowa 619, 623, 95 N.W.2d 273, 275.

"Instantly no fact or combination of facts mandate a holding that plaintiff, as a matter of law, was contributorially negligent."

See generally Jordan v. Sinclair Refining Co., 257 Iowa 813, 816–818, 135 N.W.2d 120 (1965); Campbell v. Martin, 257 Iowa 1247, 1252–1253, 136 N.W.2d 508 (1965); Caudle v. Zenor, 217 Iowa 77, 80–82, 251 N.W. 69 (1933).

Further discussion will serve no useful purpose.

■ V. Finally, did trial court erroneously overrule defendants' objection regarding a question put to deputy sheriff Elston?

This witness was asked whether the occupants of an accident scene pickup were dead or alive when the officer arrived.

The objection interposed was "I will object to this Your Honor, as it's irrelevant and immaterial to this lawsuit. The parties' involvement makes no difference."

That objection was so lacking in requisite specificity as to present nothing for review. See Olson v. Katz, 201 N.W.2d at 481–482; Twin-State Eng. & Chem. Co. v. Iowa State Hwy. Com'n, 197 N.W.2d 575, 581 (Iowa 1972); United States Homes, Inc. v. Yates, 174 N.W.2d 402, 405 (Iowa 1970); State v. Thompson, 254 Iowa 331, 338–339, 117 N.W.2d 514 (1962); Jettre v. Healy, 245 Iowa 294, 299–300, 60 N.W.2d 541 (1953); 1 Wigmore on Evidence, § 18, n. 24 at 332 (3d ed.).

VI. For all the reasons set forth above we affirm on appeal from judgment for plaintiff Eugene Helland, dismiss unauthorized appeal as to plaintiffs Stromen Transfer, Inc. and Doughboy Industries, Inc.

Affirmed in part, dismissed in part.

All Justices concur, except REYNOLDSON, UHLENHOPP and HARRIS, JJ., who dissent, and McCORMICK, J., who takes no part.

REYNOLDSON, Justice (dissenting.)

In this case the jury entered a verdict for plaintiff Helland, driver of the semitrailer rig owned by plaintiffs Stromen and Doughboy. Judgment was entered promptly on the jury verdict for Helland.

Within seven days plaintiffs Stromen and Doughboy moved to "Augment Verdict" as to them for the stipulated damages to their personal property. No separate acts of contributory negligence were alleged as to these two movants.

Thereafter the trial court, with respect to the motion of these plaintiffs for additur, "ORDERED that Plaintiff's motion for additur be sustained, and *the amounts shown* in the foregoing item 'B' *be added to* verdict and *resulting judgment.*" (Emphasis added.)

This was without question a ministerial nunc pro tunc addition to a judgment already entered.

Defendants appealed from this amendment to judgment on June 18, 1971, and the matter of this court's jurisdiction has not been raised by either Stromen or Doughboy.

It is doubtful the question of jurisdiction would have been raised on this court's own motion except that someone, out of an excess of caution, caused trial court to enter a "Supplemental Judgment" on June 28, 1971, following which there was no additional notice of appeal.

All parties here obviously considered the Order of June 4, 1971 a final adjudication appealable as a matter of right. It rightly should be so considered under the rationale laid down by this court in Flynn v. Lucas County Memorial Hospital, et al., 203 N. W.2d 613 (1973).

I therefore dissent from division I of the opinion and would hold that the real issues there involved should be decided by this court.

UHLENHOPP and HARRIS, JJ., join this dissent.