**IN THE COURT OF APPEALS OF IOWA**

No. 14-0763
Filed May 20, 2015

**IN RE THE MARRIAGE OF LEONARD JOHN WEIS
AND DIANE DOROTHY WEIS**

**Upon the Petition of
DIANE DOROTHY WEIS,**
      Petitioner-Appellee,

**And Concerning
LEONARD JOHN WEIS,**
      Respondent-Appellant.
_____

      Appeal from the Iowa District Court for Dubuque County, Monica L. Ackley,

Judge.


      Leonard Weis appeals from the district court's dissolution decree dissolving

the marriage between him and Diane Weis, asserting the district court's property

division and award of spousal support was inequitable.    **AFFIRMED AS**

**MODIFIED; REMANDED.**


      Robert L. Sudmeier of Fuerste, Carew, Juergens & Sudmeier, P.C.,

Dubuque, for appellant.

      Andrew Howie of Hudson, Mallaney, Shindler & Anderson, P.C., West Des

Moines, and Jamie A. Splinter of Splinter Law Office, Dubuque, for appellee.


      Heard by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, P.J.**

Leonard Weis appeals from the district court's dissolution decree dissolving the marriage between him and Diane Weis.[1]  He asserts the division of property was inequitable, given it favored Diane.  He further argues that the district court failed to apply the factors set forth in Iowa Code section 528.21A (2013) when awarding spousal support and that the award was improperly established as a lump sum payment.  He also asserts the court did not clarify how his Teamsters pension was to be divided, nor did it consider the survivorship benefits.  His final claim asserts the district court should have credited him with his premarital cash infusion into the marital home and the resulting increase in value.

We conclude the district court considered the appropriate factors when allocating the property and awarding spousal support.  However, the spousal support should have been ordered to be paid monthly, rather than in a lump sum payment, and it should terminate upon the death of either party; thus, the two accounts awarded to Diane as spousal support should be included in the total assets to achieve an equal distribution between the parties.  With respect to Leonard's premarital property, the district court properly exercised its discretion when declining to exclude this asset and distributing the property between the parties.  In regard to Leonard's pension benefits, we remand for the entry of a QDRO.  Consequently, we affirm the dissolution decree as modified and remand.

---

[1] This matter comes before us, after granting Diane Weis's petition for rehearing.  The original opinion, filed on April 22, 2015, is vacated.

**I. Factual and Procedural Background**

At the time of trial, Leonard was eighty-two years old. In 1955 he began working at H&W Motor Express and was employed there until his retirement in 1991. He received a pension from this company through the Teamsters Union. He also retired from the Iowa National Guard after serving from 1947 until the late 1960s, from which he also receives a pension. He has severe health issues, suffering from Parkinson's disease, dementia, emphysema, diabetes, and a partially-amputated foot. It is undisputed these health issues will prevent him from living alone in the near future. Diane was seventy-five years old at the time of trial and in moderately fair health, though she suffers from hearing and memory loss. For fifteen years during the marriage, she worked part-time as a food server in the Iowa schools, earning a pension from the Iowa Public Employees' Retirement System (IPERS).

Leonard and Diane married in 1973. Each brought four minor children into the marriage, and they also had one daughter together. All the children are well into adulthood. Diane filed a petition for dissolution on July 3, 2013. A pre-trial conference was held on November 13, 2013, at which time the parties agreed to some property division, but could not agree as to other issues.

While not affecting the district court nor our resolution of the issues, the precipitating event to the dissolution petition being filed was a conflict over Leonard's will. Executed in September 2012, this will gave Diane a life estate in "whatever he left behind, with the residue going to his children rather than hers."[2]

---

[2] The will also stated: "I have not named my wife, Diane D. Weis as a residual beneficiary of this, my Last Will and Testament. This omission is intentional and not an oversight."

However, Diane would maintain all jointly owned property. The will further left a life estate to Diane in the home, which was titled in Leonard's name alone, but made her "responsible for the care and maintenance of the property and for the payment of all taxes and costs of living, including utilities" as long as she occupied it. The pretrial stipulation set the value of the house at $125,000.[3] Diane was not informed of the provisions of Leonard's will when it was executed, but later found the document.

Before the decree was entered, Diane's total monthly income was $697.[4] This amount is from her IPERS monthly pension of $149, in addition to $548 from her social security. Leonard's monthly income consisted of $3091. This income is based on his military pension ($299), Teamsters pension ($1516), and his social security ($1276).

The parties owned the following assets, which we reference in the context of what asset was awarded to each party:

| Asset Name | Value and Recipient |
| --- | --- |
| ED SB Account 1 | $27,469—Diane |
| ED SB Account 2 | $18,473—Diane |
| US Bank IRA (Diane's) | $23,005—Diane |

---

[3] Though the district court valued the residence at $125,000, the court ordered it to be sold for its appraised value of $122,000 pending the realtor's suggested listing price.

[4] This figure is pursuant to Diane's financial affidavit. Contrary to her assertion, the district court in its order stated Diane received $416 from Leonard's Teamsters pension. It further stated Leonard received $1113 from this pension, which was lessened from $1516 due to Diane receiving the spouse's portion. However, that is not accurate. The $416 was what Diane would receive if awarded the pension in the distribution of the parties' assets, and so should not have been added to her monthly income pre-dissolution. Furthermore, this puts Leonard's monthly income at $3091, which is the figure cited above. This was also reflected in Leonard's financial affidavit.

| | |
|---|---|
| Dupaco Account 1 | $898—Diane |
| Dupaco Account 2 | $381—Diane |
| Dupaco Account 3 | $25—Diane |
| Partial house interest | $41,408.77—Diane |
| 2004 Buick LeSabre | $7145—Diane |
| **Total to Diane** | **$118,804.77**[5] |
| U.S. Bank Account | $2074—Leonard |
| Dupaco Account 4 | $4334—Leonard |
| Dupaco Account 5 | $901—Leonard |
| Dupaco Account 6 | $26—Leonard |
| General Rivers Credit Union | $3358—Leonard |
| Shares of Stock | $725—Leonard |
| Majority house interest | $80,591.23—Leonard |
| 2008 Chevrolet Silverado | $22,000—Leonard |
| Cemetery Plots | $1796—Leonard |
| **Total to Leonard** | **$115,805.23** |
| **Un-awarded Assets** | **Value** |
| IRA Account (Leonard's) | $37,279 |
| Savings Account | $54,663.91 |

The district court entered its order dividing the property in the above-referenced manner on March 25, 2014, following a trial on the issues. Additionally, it awarded $781 each month in spousal support to Diane as a

---

[5] The district court calculated this total to be $91,362.77.

"lifetime benefit." However, in lieu of having Leonard decrease his monthly income to make spousal-support payments, the court provided for satisfaction of the obligation by giving Diane two marital assets—the savings account ($54,663.91) and the IRA account ($37,279), which had not been awarded in the property distribution. Thus, the $91,942 in a lump sum spousal support payment was awarded to Diane as a non-refundable prepayment of her "lifetime benefit." Diane was further awarded "one-half of the marital share of the Teamsters pension," which the court ordered to be divided through a qualified domestic relations order (QDRO) to be prepared by Leonard's counsel. This resulted in Leonard's pre-dissolution monthly income of $3091 being reduced by $416 to $2675, and Diane's increased by $416, from $697 to $1113.

Following entry of the dissolution decree, Leonard filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2), requesting in part that the district court clarify the distribution of benefits from the Teamsters pension. Though Diane resisted the majority of the motion, she too requested the court clarify this point. The court, without analysis, denied Leonard's motion in its entirety. Leonard appeals from the district court's decree.

## II. Standard of Review

We review dissolution decrees, including the distribution of property and award of spousal support, de novo. *In re Marriage of Sullins*, 715 N.W.2d 242, 247 (Iowa 2006). We give weight to the district court's findings of fact but are not bound by them. *Id.*

## III. Property Division and Spousal Support

Leonard first claims the property division should be modified. He cites his severe health issues and the fact he cannot live alone as evidence the award inequitably favored Diane. He further asserts the district court did not consider the proper factors when allocating the property and awarding spousal support. Diane responds that the court considered the situation of both parties and applied the proper law. She supports the court's property distribution and the award of spousal support.

Iowa Code section 598.21(5) states:

> The court shall divide all property, except inherited property or gifts received or expected by one party, equitably between the parties after considering all of the following:
> a. The length of the marriage.
> b. The property brought to the marriage by each party.
> c. The contribution of each party to the marriage, giving appropriate economic value to each party's contribution in homemaking and child care services.
> d. The age and physical and emotional health of the parties.
> e. The contribution by one party to the education, training, or increased earning power of the other.
> f. The earning capacity of each party . . . .
> . . . .
> h. The amount and duration of an order granting support payments to either party pursuant to section 598.21A and whether the property division should be in lieu of such payments.
> i. Other economic circumstances of each party, including pension benefits, vested or unvested. Future interests may be considered, but expectancies or interests arising from inherited or gifted property created under a will or other instrument under which the trustee, trustor, trust protector, or owner has the power to remove the party in question as a beneficiary, shall not be considered.
> j. The tax consequences to each party.
> . . . .
> m. Other factors the court may determine to be relevant in an individual case.

These are the factors our courts consider when reviewing the distribution of marital property. *See In re Marriage of Schriner*, 695 N.W.2d 493, 500 (Iowa 2005). Additionally: "We consider alimony and property division together in assessing their individual sufficiency. They are neither made nor subject to evaluation in isolation from one another." *In re Marriage of McLaughlin*, 526 N.W.2d 342, 345 (Iowa Ct. App. 1994). Thus, most of the same factors are considered in the context of the spousal-support award. *See* Iowa Code § 598.21A(1).

As an initial matter, we agree with Diane that the court took into consideration the proper factors when ordering both the spousal support award and the division of property. It cited Iowa Code section 598.21(5) when listing the factors it was to consider—which are substantially similar to those found in section 598.21A—and its opinion clearly demonstrates it applied those factors to the unique circumstances of these parties.

We further conclude the assets should be divided equally between Leonard and Diane. Both are older with significant health problems, and the marriage lasted forty-one years. Neither party is able to work in the future, and they both live on fixed incomes. With Leonard receiving more income each month due to his pensions and Diane needing a substantial increase of her income in order to approximate her pre-dissolution standard of living, it is appropriate that each party share equally in the marital assets.

We next turn to the district court's rationale for awarding spousal support, in which it stated:

Also due to the nature of the age of the parties, the income levels of the parties now that they are in retirement mode, and the fact that the Petitioner is expected to survive longer than the Respondent given his current health issues, the Court finds alimony is necessary to equalize the property distribution and the set and established life patterns of the parties.

Diane's lower income is primarily due to the fact she stayed home to take care of the children for the majority of the marriage; thus, she only worked part-time, and therefore did not acquire substantial pension benefits. An award of $781 in monthly spousal support takes into consideration Diane's lower income and approximately equalizes the monthly income between the parties.

However, while we find some award of spousal support was appropriate, Leonard asserts—and we agree—the manner was not. The district court handled the award as follows:

> ALIMONY: The Respondent shall pay the sum of $781.00 per month as lifetime alimony for the benefit of the Petitioner for the extent of her life. Respondent's estate shall be responsible for the continuance of the payments required herein in the event of his death. This alimony award is approximately $9,372.00 per annum. Based on the Petitioner's life expectancy of 11.66 years as set forth in the Iowa mortality tables, she should expect to receive a total benefit of $109,277.52 as lifetime alimony. In order to avoid constant payments being made to the Petitioner for the alimony, and in light of the property distribution and the need for her to find a residence here in Dubuque within which to live, the Court hereby awards her the East Dubuque Savings Bank account balance of $54,663.91 and the US Bank IRA with a balance of $37,279.00 as contribution toward the lifetime alimony figure set forth herein. The Respondent shall execute whatever document is necessary in order to transfer title of the US Bank IRA into the Petitioner's name within 30 days of the date of this decree. Petitioner shall execute a satisfaction of judgment for the years this award represents so the title to the Oak Grove residence will be clear of the lien for purposes of the sale required herein. Petitioner shall be responsible for the taxes this creates and the Respondent shall be entitled to a tax credit for the payments. The parties shall consult a certified public account for proper filing requirements.

Leonard asserts paying support in advance is really "a property distribution masquerading as an award of spousal support" as "there is no provision for return of the money to Leonard should Diane predecease him or remarry," thus converting periodic payments to a permanent settlement. We agree. *See Knipfer v. Knipfer*, 259 N.W.2d 347, 351–52 (Iowa 1966) ("It is not what the arrangement is called but what it is that fixes its legal status."). When deciding whether this constitutes a property award we consider that, if Diane should die before the passage of time to equate to the lump sum award, her estate would have an unearned asset—that is, pre-paid spousal support. Moreover, spousal support payments are normally deductible when paid by the payor and treated as income to the payee when received under federal tax provisions. *See* 26 U.S.C. §§ 215(a), 71(a), & 71(b)(1)(D) (2014); *see also In re Marriage of Olson*, 705 N.W.2d 312, 316 (Iowa 2005) (noting both the federal and state governments will tax the recipient's spousal support and allow the payor a tax deduction). We conclude, then, that the award of Leonard's IRA account and the savings account constituted a property distribution rather than an award of alimony. Particularly given the tax consequences to each party, and the necessity of both Leonard and Diane having sufficient liquid assets, this distribution inequitably favored Diane.[6]

---

[6] However, we conclude Leonard's reliance on *In re Marriage of Boyer*, 538 N.W.2d 293 (Iowa 1995), and his argument that the spousal support award was both contrary to Iowa law and preempted by federal law, is misplaced. *Boyer* held the district court could not rely on future social security entitlements when dividing benefits, but could make a general adjustment to the division based on one party's anticipation of greater benefits. *See id.* at 296. This is not applicable to the district court's award of spousal support to Diane. Leonard also fails to provide any support for his argument that the law of Iowa in this regard is preempted by federal law. Consequently, he waived this argument, and we decline to consider this issue. *See Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 866 (Iowa 2001).

Thus, the two undistributed assets—which total $91,942.91—should be put back into the property to be distributed between Leonard and Diane. This results in $326,552.91 of total assets to be distributed. This total is based on the $118,804.77 previously awarded to Diane, the $115,805.23 previoulsy awarded to Leonard, and the two unawarded assets of $37,279 and $54,663.91. To achieve an equal division of assets, the unawarded accounts shall be divided so that the ultimate division of assets is equal.

Diane will still be awarded monthly spousal support of $781, but we do not agree with the district court's conclusion that it should be a lifetime award. Consequently, the decree should be modified so spousal support payments cease upon the death of either Leonard or Diane. See *In re Marriage of Lalone*, 469 N.W.2d 695, 698 (Iowa 1991) (stating alimony will generally terminate upon the death of the payor).

## IV. Pension

Leonard next claims the district court did not take into consideration the total value of the Teamsters pension benefits—both the monthly payments as well as survivorship benefits—when awarding Diane "one-half of the marital share" of those benefits. He asserts the total value of Diane's marital share should be considered in the context of whether the property distribution was equitable. In response, Diane argues that Leonard did not provide any information regarding the specifics of the benefits for his pension. Consequently, she asserts, the district court did not have enough information to divide the pensions in a manner that included the survivorship benefits. She also contests error preservation with regard to the survivorship-benefits issue.

As an initial matter, we agree with Diane the specific issue of the breakdown of the Teamsters benefits was not preserved. Arguments in this regard were not raised at trial or in Leonard's Rule 1.904(2) motion. The only point at which it was mentioned was in Diane's motion for an order nunc pro tunc; however, the district court had lost its jurisdiction due to the notice of appeal that was filed prior to the motion. *See Helland v. Yellow Freight Sys., Inc.*, 204 N.W.2d 601, 605 (Iowa 1973) (noting the district court loses its jurisdiction once the notice of appeal is filed). We further note Leonard did not provide a record at trial that outlined the Teamsters pension and its accompanying survivorship benefits.

Nonetheless, the district court did order that Diane receive "one-half of the marital share of the Teamsters pension, which shall be divided by the entry of a Qualified Domestic Relations Order." This is consistent with the holding in *In re Marriage of Benson*, 545 N.W.2d 252, 255 (Iowa 1996). Leonard worked for a total of thirty-six years qualifying under the plan. Half of those years Leonard was married to Diane. Therefore, under the district court's order, which we find equitable, Diane's share of the Teamsters monthly benefit pension is to be determined by the following formula: 18 years Leonard was both married and covered under the plan, divided by 36 years total covered under the plan, multiplied by 50% (the marital share), multiplied by the total monthly pension benefit. As it is equitable to apply this formula to the monthly benefits, we also consider it equitable to apply the *Benson* formula to the survivorship benefits. Thus, the total survivorship benefit payable upon Leonard's death that Diane is entitled to receive should be determined by the same formula: 18 years Leonard

was both married and covered under the plan, divided by 36 years total covered under the plan, multiplied by 50%, and multiplied by the total survivorship benefit. Furthermore, Leonard is entitled to direct the remains of the survivorship benefit to the beneficiary of his choice. Consequently, we remand for the entry of a QDRO to be calculated by using the *Benson* formula.

## V. Premarital Property

Leonard's final argument asserts that the $7500 he brought to the marriage from the sale of his premarital house should be included in the property-division calculation. He argues that this cash contribution to the marital home increased its value over the course of the marriage by $38,700, which he should receive as separate property. Diane responds that Leonard did not present evidence to support this argument.

Iowa Code section 598.21(5) states: "The court shall divide all property, except inherited property or gifts received or expected by one party, equitably between the parties." The property to be divided may include premarital property. *See In re Marriage of Fennelly*, 737 N.W.2d 97, 102 (Iowa 2007) (noting that "property brought to the marriage by each party is merely one factor among many to be considered under section 598.21" (internal citation omitted)).

In this case, the $7500 Leonard contributed to the marital home was only one of many factors the district court properly considered in the division of the assets after a long marriage. *See id.* at 104 (approving the district court's equal division of the parties' premarital assets). Therefore, we conclude the district court correctly excluded Leonard's contribution when deciding how to allocate the marital property.

For the foregoing reasons, we affirm the district court's distribution of the assets and its award of spousal support to Diane, with the following modifications: (1) the spousal support award of $781 shall be paid monthly and terminate on the death of either party; (2) the IRA ($32,279) and savings account ($54,663.91) totaling $91,942.91, shall be included in the assets to be divided so that the ultimate division of assets is equal between the parties; (3) Diane's share of Leonard's Teamsters monthly benefit as well as her share of the survivorship benefit are both to be determined by utilizing the *Benson* formula. Finally, the court properly declined to set aside to Leonard his premarital cash contribution. Consequently, we affirm as modified the district court's decree dissolving the parties' marriage.

Costs to be divided equally between the parties. We decline Diane's request for appellate attorney fees.

**AFFIRMED AS MODIFIED; REMANDED.**