The APPANOOSE COUNTY RURAL TAX-PAYERS ASSOC., Inc., and Richard A. Berger, Joe N. Wilson, Ralph L. Turner, and Donald W. Davis, Freeholders and taxpayers of Appanoose County, for themselves and on behalf of all taxpayers of Appanoose County, Iowa similarly situated, Appellants,

v.

IOWA STATE TAX COMMISSION, and Lynn Potter, E. A. Burrows, Jr., and X. T. Prentis as members of said Commission, Appellees.

No. 52836.

Supreme Court of Iowa.

April 9, 1968.

McGrane & Haugan, Des Moines, Life, Davis & Life, Oskaloosa, and Hugh W. Lundy, Albia, for appellants.

Richard C. Turner, Atty. Gen., George W. Murray, Sp. Asst. Atty. Gen., and Harry Griger, Asst. Atty. Gen., Des Moines, for appellees.

BECKER, Justice.

Plaintiffs are an incorporated taxpayer's association and four individual taxpayers of Appanoose county. They seek declaratory and injunctive relief alleging the defendant Iowa State Tax Commission and its members, as such, acted arbitrarily and illegally in ordering the county board of review to adjust the assessed value of the real estate in Appanoose county by increasing the valuations of all agricultural land 20 percent and decreasing the valuations of all agricultural buildings 25 percent. Defendants filed motion to dismiss and motion to strike. The trial court sustained their motion to dismiss on all grounds and passed the motion to strike as moot under the circumstances.

I. A brief review of the assessment procedures in Iowa is provided in Hougen v. George, 254 Iowa 1055, 1058, 120 N.W.2d 497. Rather than repeat the summary here we will note plaintiffs allege the county assessor and county board of review prepared and transmitted to the state tax commission an abstract of the real and personal property in the county containing the items required by Iowa Code, 1966, section 441.45.

Iowa Code, 1966, provides for state action after county officials have performed their statutory duties: "441.46 State board of review. The state tax commission shall constitute the state board of review, and shall meet at the seat of government on the second Monday of July in each year.

"441.47 Adjusted valuations. The state board of review shall adjust the valuation of property in the several counties adding to or deducting from the valuation of each kind or class of property such percentage in each case as will bring the same to its taxable value as fixed in this chapter and chapters 427 to 443 inclusive. It shall also ad-

just the valuations as between each kind or class of property in any city assessed by a city assessor and each kind or class of property in the same county assessed by the county assessor."

Section 421.17, dealing with the powers and duties of the state tax commission, gives it supervisory powers over local taxing bodies to the end that all assessments of property and taxes levied thereon be made relatively just and uniform in substantial compliance with the law. In Des Moines Gas Co. v. Saverude, 190 Iowa 165, 170, 180 N.W. 193, 195, we said: "The duty of the state board of equalization is to adjust the value of property of the several kinds, adding to or deducting from the valuation of each kind or claim such percentage, in each case, as will bring the same to its reasonable value. *Its function is to equalize the value of property between the several counties,* not to review the action of the assessor or of the local board of review, or of the district court on appeal." (emphasis supplied)

II. Plaintiffs allege Appanoose county hired the J. M. Cleminshaw Company, a professional property appraisal firm, to reappraise and revalue all taxable real property in the county. This was done pursuant to order of the state tax commission. The professional appraisement was completed in accordance with the law and regulations of the commission. The results (with certain irrelevant exceptions) were approved by the county assessor and county board of review. The abstract as furnished contained assessed valuations of all real property based on 27 percent of fair market value as thus determined.

Plaintiffs also allege the commission sitting as a board of review then notified the auditor of Appanoose county of proposed adjustments including a 20 percent increase on all agricultural land and a 20 percent decrease on all mercantile land. On hearing the 20 percent decrease in mercantile property was withdrawn but the increase on agricultural land was effectual for 1966, 1967 and 1968.

Thereafter the state tax commission sitting as such ordered a 25 percent decrease in the value of all agricultural buildings. This order was entered February 22, 1966. When the Appanoose county board did not comply, another order to the same effect was formally issued May 24, 1966 and this time the county did comply.

Plaintiffs state the alleged purpose of the commission orders was to adjust the valuations of those classes of property in the several counties to bring the valuations of those classes of property in Appanoose county to their taxable value as fixed in Chapters 427 through 443, Code of Iowa, 1962; the commission refused to disclose the data, computations and information used as a basis for the orders. The sole reasons given for the orders were the county valuations were in error and not in line with those established in other counties for similar classes of property. Plaintiffs then alleged as conclusion that the actions of defendants were arbitrary, capricious, illegal and discriminatory for the following reasons:

"(a) The increase ordered in agricultural land places a discriminatory rate of 72% of actual value on agricultural land while other property in Appanoose County bears the legal rate of 60% of actual value.

"(b) The decrease ordered in agricultural buildings places a discriminatory rate of 45% of actual value on agricultural buildings while other property in Appanoose County bears the legal rate of 60% of actual value.

"(c) The adjustments created an inequalization of the property tax burden of Appanoose County, Iowa.

"(d) The Commission's order of adjustment of May 24, 1966, relative to agricultural buildings was issued without authority, the Commission having no statutory authority to order such adjustments.

"(e) The December 29, 1965, order of the Board of Review is void for the reason that Section 441.47, Code of Iowa, 1962, is unconstitutional and void in that said Section fails to establish standards for adjustments and further constitutes an unlawful delegation of power in that same attempts to give the Board of Review authority to assess property in excess of 60% of actual value as limited in Section 421.21, Code of Iowa, 1962."

Defendants' motion to dismiss was "sustained on all grounds", which may be summarized as follows:

1. Plaintiffs have no standing to sue.

2. Plaintiffs have failed to allege wherein the commission's actions were illegal, void, arbitrary or otherwise capricious.

3. There is no appeal from the commission's exclusive jurisdiction to enter the order of which plaintiffs complain.

4. The petition asks for relief that neither the commission nor this court can grant.

5. A final order of equalization by the board of review is not appealable.

6. The May 24th order of the commission was carried out by the local board of review and failure to appeal that order as by statute provided is fatal.

■ III. Defendants assert a voluntary taxpayer's association has no standing to bring an action of this type on behalf of its members. The cases cited involve unincorporated associations. One plaintiff is a corporation. A corporation is treated as an entity separate from its stockholder or stockholders under all ordinary circumstances. Inn Operations, Inc. v. River Hills Motor Inn Co., Iowa, 152 N.W.2d 808, 815. The corporation does not claim to be a taxpayer. The other four plaintiffs allege they are taxpayers. If the individuals have standing to sue, the corporation would be subject to motion to dismiss as an improper party under Rule 27, R.C.P. but the cause as to the individual taxpayers would remain. Misjoinder of parties is not

ground for dismissal of action under rule 27. See Comment in Cook, Iowa Rules of Civil Procedure, p. 186.

█ The individual plaintiffs argue they have a right to maintain this action as taxpayers, their action being in form and effect a class action. It is alleged they are residents, freeholders, and taxpayers of Appanoose county whose situation is similar and interest identical to that of many other residents, freeholders and taxpayers of the county. In Pierce v. Green, 229 Iowa 22, 44, 294 N.W. 237, 250, 131 A.L.R. 335, we said: "There are a great many decisions in which discrimination against a taxpayer, or a class, or large numbers of taxpayers caused them to pay a disproportionate share of the tax burden, either because of the law itself, or because of the arbitrary, systematic and intentional administration of the law. In these cases, because there was no plain, speedy, and adequate remedy at law, relief was granted in equity. In many of these cases relief was granted because the due process or equal protection of the law clauses of the 14th amendment were violated."

The four individual taxpayer plaintiffs have standing to bring action under the principles set forth in Pierce v. Green, supra, and this is a class action under Rule 42, R.C.P.

█ IV. Defendant's second ground for motion to dismiss is essentially failure to state a cause of action. They assert plaintiffs have failed to allege by well pleaded ultimate facts wherein the commission's action was illegal, void, arbitrary or otherwise capricious.

"A motion to dismiss is sustainable only where it appears to a certainty a plaintiff would not be entitled to any relief under any state of facts which could be proved in support of the claims asserted by him." Newton v. City of Grundy Center, 246 Iowa 916, 920, 70 N.W.2d 162, 164.

Plaintiffs have alleged the assessment was completed by the county assessor and county board of review with the help of the Cleminshaw Company in accordance with valuation standards prescribed by law and approved by the commission and as a result the burden of property taxes was equal and uniform in the county. They further assert the two orders referred to resulted in a discriminatory rate of 72 percent of agricultural land and 45 percent on agricultural buildings while all other property in the county bears the legal 60 percent rate. They contend the changes were made without explanation other than that the valuations changed were in error and not in line with the valuations on the same classes of property in other districts.

█ It is the duty of the commission to equalize the various classes of property of each county with all the other counties and to equalize all the counties with each other. It is also the duty of the commission to see that all property in each county is as reasonably uniformly and equally appraised and taxed as is possible. Plaintiffs assert the noted deviation in equal percentage rates results from a commission order having no factual basis or reason of any kind. They contend the actions of the assessor and county board of review carry a strong presumption of correctness.

█ V. Defendants argue the appraisals contain no presumption of correctness at all until the tax commission has acted. The proper rule as applied to this case would appear to lie somewhere between the extremes. Certainly the presumption of correctness is not as strong before the commission's action as after it has been confirmed. But we have little doubt the action of the county assessor and the county board of review is entitled to some presumptive validity. The work of the regular officials is strengthened by the help of an independent firm of valuation experts. See Brennan v. Black, Del., 104 A.2d 777, 794. Since the state commission is enjoined by law to review such work, this presumption is probably not as strong here as it is against a taxpayer challenging the validity

of an assessment. But we have held where valuations were made by county officers and challenged by taxpayers there is a presumption assessing authorities have performed their duties and the assessments are correct. Deere Mfg. Co. v. Zeiner, 247 Iowa 1364, 1370, 78 N.W.2d 527, 79 N.W.2d 403; Chicago & N. W. Ry. Co. v. Iowa State Tax Com'n, 257 Iowa 1359, 137 N.W.2d 246, 253. To set such assessments aside without reason would constitute arbitrary action. Plaintiffs allege the expert appraisers were hired pursuant to order of the commission and at substantial cost to the county.

■ VI. All of the foregoing observations are made pursuant to the rule set forth in Halvorson v. City of Decorah, 258 Iowa 314, 138 N.W.2d 856, 860; the well pleaded ultimate facts are taken as true. Under such rules the petition pleads a cause of action. We do not intimate the tax commission did in fact act arbitrarily, but hold only that under the facts alleged a motion to dismiss should have been denied. The entire nature of the action and the burden of plaintiffs is similar to that noted in Brennan v. Black, supra, where at page 792 of 104 A.2d the Delaware Court said: "What the taxpayer is seeking here is to set aside the entire assessment on the ground that the Board has completely disregarded the applicable constitutional and statutory provisions in the performance of its duty. In such a case the burden resting upon the taxpayer is a very heavy one." In Chicago & N. W. Ry. Co. v. Iowa State Tax Com'n, 257 Iowa 1359, 137 N.W.2d 246 we said: "Unless the assessment is so out of line with other actual values as to give rise to the inference the authority has not properly discharged its duty, the assessment should not be disturbed."

VII. Plaintiffs also challenge the constitutionality of the procedure and the statutory validity of the commission's acts. The question is not whether they can successfully carry their burdens in relation to such assertions, but whether they have alleged enough to remain in court to try to do so.

Defendants cite People ex rel. State Board of Equalization v. Pitcher, 61 Colo. 149, 156 P. 812, "Throughout the states of the Union, boards of equalization are not generally required to examine witnesses or to base their action on any particular *kind or quantum* of evidence, but may proceed in their own way and act on *any information which is satisfactory to them.*" (Emphasis supplied by defendants) This statement must be interpreted within the context of the constitutional due process clauses. The discretion of the commission is a legal discretion.

■ Defendants cite Hacker v. Howe, 72 Neb. 385, 101 N.W. 255, 257, as follows: "The question, therefore, of fraud, arbitrary or capricious action, or other alleged improper motive or conduct on the part of the different members of the board in entering the order complained of must be eliminated in consideration of all further questions arising in the case." But that observation came after approval of the lower court's finding the board of equalization acted in good faith and without fraud. The better rule of that case on that point is found in the opinion at page 259 of 101 N.W. "*In the absence of fraud, or other misconduct, or arbitrary exercise of power equivalent thereto*, the rule is universal to the effect that the discretion of assessing officers and boards of equalization cannot be controlled by the courts in collateral proceedings nor can errors of judgment and overvaluation in the assessment of property be rightfully reviewed by them in the absence of statutes authorizing such proceedings." (emphasis supplied) This rule is similar to our pronouncements in Pierce v. Green, supra, (where arbitrary action was alleged) and Hougen v. George, supra, (where arbitrary action was not alleged).

VIII. Defendants base their third ground for dismissal on lack of statutory authority to appeal.

It is clear there is no statutory appeal from the state board of review's equalization action taken pursuant to the mandate in Iowa Code, 1966, section 441.47. This action is not an appeal. In 2 Am.Jur. 2d, Administrative Law, section 707, p. 606, we find the following: "The fact that a statute does not provide for judicial review of action of an administrative agency does not preclude the courts from providing such review as is necessary or required, and the courts will, in some appropriate proceeding, provide such review." See Pierce v. Green, supra; Hougen v. George, supra.

In Hoover v. Iowa State Highway Commission, 207 Iowa 56, 60, 222 N.W. 438, 440, where after a careful review of the rights of the individual vis-a-vis the state where such a defense is asserted this court concluded: "So, where the individuals, composing a commission or board or other arm of the state, violate the clear provisions of the state Constitution or statute, and attempt to appropriate private property for public use without authority, the rights of the owner may be protected by the courts through the agency of an injunction or some other suitable means." We hold a suit of this nature is maintainable under proper allegations.

IX. Defendants' next point would deny the jurisdiction of this court to allow any of the relief asked by plaintiffs; that is, by declaratory judgment or injunction. Where there is a justiciable controversy relief by way of declaratory judgment has frequently been afforded. Annotations, 132 A.L.R. 1108, 11 A.L.R.2d 359. A cautionary note is sounded at 11 A.L.R.2d 359. "The courts will frequently refuse to enter declaratory judgments in controversies concerning taxes even though the statutes are broad enough to authorize the entry of a judgment. The courts have a discretion as to whether they will enter a declaratory judgment; they should proceed cautiously in tax cases to avoid interfering with the collection of revenues; and the cases are often such that the court ought to deny declaratory relief."

We have not passed on the declaratory judgment question in this field. Iowa Rules of Civil Procedure, Nos. 261 to 269, authorize declaratory judgments in very broad terms and we have often said such rules are to be liberally construed to carry out their purpose. Lewis v. Consolidated School Dist. of Cass County v. Johnston, 256 Iowa 236, 127 N.W.2d 118, Wright v. Thompson, 254 Iowa 342, 117 N.W.2d 520.

Plaintiffs also seek injunctive relief. Rule 266 provides: "Supplemental relief based on a declaratory judgment may be granted wherever necessary or proper. * * *"

It is true, as defendants assert, the courts are reluctant to interfere with the tax process and will not substitute their own judgment for the judgment of the state tax commission exercised pursuant to statutory authority. It does not follow that the taxpayer is totally without relief if the tax commission has acted illegally, arbitrarily or beyond its statutory authority. Plaintiffs do not ask the court to substitute its judgment for that of the commission. They ask for declaration the commission acted illegally. If their allegations and proof are sufficient Pierce v. Green, supra, affords basis for relief. Declaratory judgment and injunction may be appropriate if plaintiffs sustain their burden at trial.

X. Defendants' fifth ground also involves denial of plaintiffs' right to "appeal." As noted in Division VIII this is not an appeal. What was said in that division is determinative here.

XI. Defendants' last position is plaintiffs seek relief that should have been sought as to their individual assessments. In addition to our approval of class actions we note defendants' own assertion for a different purpose. "[W]here a taxpayer, contesting an ad valorem tax, alleges that his property is valued at a higher percentage of

actual value than other property his comparison must be between similar and like property; comparison with dissimilar property or *property of a different class* is not sufficient. Clark v. Board of Review of Lucas County, 242 Iowa 80, 44 N.W.2d 748." (Emphasis supplied by defendants)

■ It is the very fact that this is, as defendants contend, an equalization problem, and not an individual assessment problem which precludes the taxpayers from attacking the matter piecemeal as individual taxpayers. Plaintiffs claim the equalization *by class* was arbitrary and discriminatory, hence the approach by class action would seem not only proper but necessary.

■ XII. Since we remand this case for further proceedings one more matter should be noted. Plaintiffs argue the tax commission's action ordering changes in valuation without an appraisal of its own is, in itself, arbitrariness. We cannot agree. The tax commission's methods of arriving at its determination are not to be dictated by any such holding. Hougen v. George, supra, lists some ten factors used by the commission in its equalization process. The use of part or all of these factors are matters for determination by the commission, not the courts.

But the record is as yet silent as to what, if any, factors the commission considered. The May 24th order does not give any reason for the commission's action. It simply orders the changes made. The commission has a right to so act. But having so acted, it leaves the courts with no information contra to the allegations of fact resulting in plaintiffs' charge of arbitrary action.

We may appropriately close this opinion with the concluding lines of Pierce v. Green, supra. "By our decision we are merely holding that the motion to dismiss should have been overruled. The judgment dismissing plaintiff's action is hereby reversed and the case is remanded to the district court for such further disposition, not inconsistent herewith, as the action of the parties may properly require. Any relief which that court may grant must depend upon the record then made and the facts and conditions as they then exist."

Reversed and remanded.

All Justices concur.