**Alden D. AVERY et al., Appellants,**

v.

**Dale PETERSON, Chairman, et al., Appellees.**

No. 2–57125.

Supreme Court of Iowa.

June 30, 1976.

Walter W. Barbee, Spirit Lake, for Dickinson County Board of Review and Dickinson County Auditor.

Heard by MOORE, C. J., and LeGRAND, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

MOORE, Chief Justice.

This is an appeal by plaintiffs, property owners within the incorporated town of Wahpeton, Dickinson County, from district court judgment denying their claim of invalid adjustment of property valuation assessments. They raise three issues which we consider infra.

On October 22, 1971 plaintiffs commenced this equity action against the Iowa Department of Revenue, its Director and nominally, against Dickinson County Board of Review and Dickinson County Auditor. They sought to have the Director's September 14, 1971 equalization order declared void. It included an increase of aggregate valuation of residential realty in the town of Wahpeton. They alleged that since a like increase was not ordered on lakeside residential realty located outside cities and towns in Dickinson County, plaintiffs had been denied equal protection of the law. The trial court held the Director's equalization order was lawful and proper and dismissed plaintiffs' action.

I. Plaintiffs-appellants first assert trial court erred in overruling their motion for default against defendants Dickinson County Board of Review and the County Auditor.

The Dickinson County Attorney entered a timely appearance for the Board and Auditor but failed to file an answer to the petition for several months and then only after plaintiffs' motion for default. The answer was substantially the same as the timely answer filed by the attorney general for the Department of Revenue and its Director. Trial court thereafter overruled plaintiffs' motion for default.

Christopher Bjornstad, of Cornwall & Avery, Spencer, for appellant.

Richard C. Turner, Atty. Gen., George W. Murray, Special Asst. Atty. Gen., Harry M. Griger, Michael L. Thompson, and Kevin Maggio, Asst. Attys. Gen., for Iowa Department of Revenue, D. G. Briggs, Director.

We have consistently held the question of allowing default is largely with-

in the discretion of the trial court. The policy of the law is to allow trial of actions on their merits. *Severson v. Sueppel*, 260 Iowa 1169, 1177, 152 N.W.2d 281, 286, and citations. The late answer raised no new issues. We find no abuse of discretion by trial court.

II. Plaintiffs-appellants next assert trial court applied an improper rule of law regarding burden of proof in finding "The equalization duties of the Director [of Revenue] involve judgment and discretion which can not, in the absence of arbitrary and capricious conduct, be controlled by the courts." They argue for application of Code section 441.39 which provides for removal of the "presumption as to correctness" of a valuation in an assessment appealed from the Board of Review under Code section 441.37. They assert plaintiffs were saddled with a tougher burden of proof than is required by law.

Passing the question of the retroactivity of Code section 441.49 which was amended to permit appeals from a Revenue Department ordered assessment increase after the equalization order but before trial of this action, we find that even if the amended statute applies, plaintiffs are not entitled to invoke the protective provisions of section 441.39 for at least two reasons.

We have recently recognized in *Milroy v. Board of Review of County of Benton*, Iowa, 226 N.W.2d 814, 818 that appeals under section 441.38 from a protest hearing before the Board of Review under section 441.37 are strictly limited to matters presented before the Board of Review at the time of the protest. We also recognize that section 441.37 sets out specific grounds which must be alleged in order to present a protest to the Board. Presuming application of these sections, this court has carefully considered each of the allegations contained in plaintiffs' original petition and find none of them to be in compliance with the requisites of section 441.37. We therefore conclude that plaintiffs preserved nothing for appeal under section 441.38 and were not entitled to invoke the "equal footing" provisions of section 441.39. In addi-

tion, it is clear that the allegations contained in plaintiffs' petition before the Board of Review, as well as their petition in equity in the district court, were directed not at the assessments of their individual properties, but rather were challenging the Department of Revenue's exercise of discretion in promulgating the equalization order at issue in this case. When viewed in this context, it is obvious that well-established principles relating to review of agency discretion are applicable in this case. *Appanoose County Ass'n v. Tax Commission*, 261 Iowa 1191, 158 N.W.2d 176; *Hougen v. George*, 254 Iowa 1055, 120 N.W.2d 497; *Pierce v. Green*, 229 Iowa 22, 294 N.W. 237. The trial court did not err in imposing a heavy burden of proof on plaintiffs. Plaintiffs' arguments to the contrary are without merit.

III. Plaintiffs-appellants' third assignment asserts the Director of Revenue's equalization order of September 14, 1971 unconstitutionally denied plaintiffs equal protection of the law under the United States and Iowa Constitutions by imposing on the residents of Wahpeton an unreasonable property tax assessment classification system. The crux of their theory is that the classification system of the Department of Revenue, which divides for the purpose of tax equalization property located within (urban residential) from property located outside (rural residential) the corporate limits of a municipality, unfairly penalizes the residents of Wahpeton because the town provides no significant municipal services to it residents. From this they conclude there should be no practical or rational distinction between the assessed valuation of similarly situated residential property located within or outside the corporate limits of Wahpeton. On this basis, they argue the ordered 15 percent increase in aggregate valuation of urban residential property within Wahpeton creates a constitutionally invalid inequality between rural and urban property unless a similar increase is imposed upon the rural residential properties. The Revenue Department argues plaintiffs have wholly failed to present sufficient evidence

to support their claims of unequal treatment. We agree.

When a classification is challenged as being violative of the challenger's equal protection rights, he has the burden of showing the classification clearly, palpably and without doubt infringes on the constitution; and every reasonable doubt will be resolved in favor of constitutionality. *Lee Enterprises, Inc. v. Iowa State Tax Com'n.*, Iowa, 162 N.W.2d 730, 753; *Richards v. City of Muscatine*, Iowa, 237 N.W.2d 48, 59. A challenger must negate every conceivable basis which may support the classification and the classification must be sustained unless it is patently arbitrary and bears no relationship to a legitimate governmental interest. If any state of facts reasonably can be conceived to justify the classification, it will be upheld. *Lunday v. Vogelmann*, Iowa, 213 N.W.2d 904, 907 and citations.

The Revenue Department's classification system at issue here is authorized by Code section 441.47. That section empowers the Director of Revenue to promulgate rules for the adjustment of property valuations among the various classes of property. *Des Moines Gas Co. v. Saverude*, 190 Iowa 165, 170, 180 N.W. 193, 195; *Appanoose County Ass'n*, supra, 261 Iowa at 1194, 158 N.W.2d at 178. It also provides for use of assessment-sales ratio studies to fix the aggregate valuations of the property classes. Pursuant to this statutory authority, the Revenue Department promulgated rules in May of 1971 dealing with classification of residential real estate. The rules found at 1973 IDR p. 998, § 9.3(2) describe the procedure for adjusting valuations in the two classes—residential realty within and residential realty outside incorporated cities and towns. It is this classification system that plaintiffs challenge.

In attempting to give full consideration to plaintiffs' challenges, we have been hampered by a record virtually devoid of substantive evidence tending to prove plaintiffs' claims.

Plaintiffs' testimony consisted of depositions from three local real estate agents whose testimony was largely limited to their opinions that there is no practical difference between the selling price of property within or without the town of Wahpeton. Each testified he knew virtually nothing about matters of assessment, equalization or assessment-sales ratio studies. In addition plaintiffs called the Dickinson County Assessor who described the procedures of his office relating to the equalization order, and testified that the municipal services offered by the town of Wahpeton were not significantly different from those available in the unincorporated areas. When asked on direct examination if the relative values of property inside and outside the corporate limits of Wahpeton had changed since the 1969 countywide commercial appraisal by the J. M. Cleminshaw Company, County Assessor Cook expressed the opinion that while both rural and urban properties had increased in value since 1969, the rural residential had probably increased at a slower rate than the urban due to the advantages of living in the incorporated areas.

In ruling plaintiffs' evidence insufficient to establish violation of their equal protection rights, Judge Stillman expressed well our own view of the case when he said: " * * *. Plaintiffs made no attack on the assessment-sales ratio study or the data involved therein, and introduced no evidence to show the Director's reliance on the study was arbitrary, capricious or illegal; nor do they make any showing that prior to the Director's 15% increase in the aggregate valuation of residential realty within Wahpeton, the level of assessment within the incorporation and outside the town was equal; or that subsequent to said increase their property would be subjected to a greater taxable value than the 27% permitted by statute."

The only evidence produced at trial dealing with the reasonableness of the classification system being challenged came from the defendant Department of Revenue. Its evidence demonstrated that the 15 percent increase in aggregate valuations of residential property within the corporate limits of the town of Wahpeton brought the aggre-

gate valuation of that property to the same level as the rural residential property in the county. Even after the 15 percent increase, their witness' testimony indicated that both the urban residential within Wahpeton and the rural residential property in Dickinson County were below the statutory assessment level of 27 percent required under the 1971 Code. In other words, not only did plaintiffs wholly fail to produce evidence of equal protection violation, but in addition, the Department of Revenue affirmatively established, without contradiction, that no such violation occurred. Plaintiffs-appellants' counsel conceded at oral argument that the classification system in general was not unreasonable but insisted it was unreasonable when applied to lakeshore property in Dickinson County.

Without proof of unequal treatment, plaintiffs' claims must fall. As noted in *Lunday v. Vogelmann*, supra, a classification does not deny equal protection simply because in practice it results in some inequality; practical problems of government permit rough accommodations. 213 N.W.2d at 907. Plaintiffs-appellants did not demonstrate that the rural/urban classification system was arbitrary, capricious or invidiously discriminatory as applied to them. At best their witnesses indicated the classification as applied to Dickinson County was incorrect. The Revenue Department's witness showed the classification to be proper. Plaintiffs-appellants have wholly failed to demonstrate the kind of inequalities required to establish an invidious discrimination under the equal protection clause and therefore are entitled to no relief.

IV. Under our de novo review we have considered the evidence and all issues presented by plaintiffs-appellants and find their claims to be without merit. Trial court did not err in dismissing plaintiffs' petition. The ruling below is affirmed.

AFFIRMED.