Joell L. BRUMLEY, Appellant,

v.

IOWA DEPARTMENT OF JOB SERVICE, Appellee.

No. 64104.

Supreme Court of Iowa.

May 21, 1980.

---

Mark R. Adams of Dreher, Wilson, Adams, Jensen, Sayre & Gribble, Des Moines, for appellant.

Walter F. Maley, Blair H. Dewey, and Joseph L. Bervid, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and REES, UHLENHOPP, ALLBEE and McGIVERIN, JJ.

McGIVERIN, Justice.

The dispositive question in this appeal is whether under its rules respondent Iowa Department of Job Service was required to give claimant warning or notice to expand her search for work beyond her customary occupation of schoolteaching before her unemployment compensation benefits could be terminated. Job Service cut off the benefits of petitioner Joell L. Brumley on the ground she was not "available for work," under section 96.4(3), The Code 1977, and Job Service administrative rules, because she had failed to search for employment other than as a teacher. The district court affirmed. We reverse and remand because we believe Job Service had the obligation to warn and instruct claimant to expand her search for work before terminating her benefits.

Brumley holds an elementary education degree from the University of Northern Iowa (UNI). Upon graduation, she worked briefly as a file clerk for an insurance company. Then she worked in Carson, Iowa, under her teaching certificate as an elementary schoolteacher for the 1977–78 school year. She was laid off when the teaching staff was reduced for the next academic year. She applied for unemployment benefits after she was laid off.

She received benefits from June 4, 1978, and on through the summer, during which time she sent applications for full-time employment as an elementary teacher to schools within a sixty-mile radius of her home. She also sent applications for part-time teaching employment to schools within a fourteen-mile radius of her home. She had herself placed on an active teacher list at the UNI placement office. Brumley received no employment offers and did not seek alternative employment before her benefits were terminated. She was willing to accept a teaching position that might open up during the school year.

On October 3, 1979, without any prior warning or notice to expand her search for work into another occupation, a Job Service claims deputy disqualified Brumley from receiving benefits retroactive to September 24. The deputy cited section 96.4(3), which provides in part that "[a]n unemployed individual shall be eligible to receive benefits . . . only if . . . [h]e or she is able to work, is available for work, and is earnestly and actively seeking work." The deputy stated that since the 1978–79 school year had already begun, petitioner could have no reasonable expectation of securing employment. He also stated that substitute teaching applications would be temporary and not suitable work contacts.

Petitioner appealed under section 96.6, The Code. After an evidentiary hearing before a hearing officer, which brought out the facts previously stated, the hearing officer and the appeal board affirmed the claim deputy's decision. On judicial review under sections 96.6(8) and 17A.19, the district court also affirmed. In addition to section 96.4(3), all relied on 370 I.A.C. section 4.22(1)(u), which defines "available for work."

Pursuant to the rule stated in 370 I.A.C. section 4.22(1)(u), the agency and court held that petitioner was required, presumably of her own volition, to have previously expanded her search for work beyond teaching, and since she had not done so, her employment benefits were terminated.

Before the appeal board, the district court, and here, Brumley contended that rule 4.22(1)(u) was applied unreasonably and arbitrarily under this record. *See* § 17A.19(8)(g). She says Job Service violated its own rules in not warning her to seek a job in another occupation before finding

her not "available for work" under 370 I.A.C. section 4.22(1)(u) and section 96.4(3), The Code.

 "The burden of proof is upon a claimant seeking unemployment compensation." *Davoren v. Iowa Employment Security Commission*, 277 N.W.2d 602, 603 (Iowa 1979); *Walles v. Iowa Employment Security Commission*, 219 N.W.2d 539, 540 (Iowa 1974). The scope of our review is for correction of errors at law. Iowa R.App.P. 4. Also bearing on our scope of review is the following:

In this "contested case" under the Iowa administrative procedure act our review is not de novo. We have said:

. . . Our task is to review the record in the manner specified in § 17A.19(7) and make anew the judicial determination specified in § 17A.19(8). Our review is limited, as the district court's review should have been, to the record made before the hearing officer. *Hoffman v. Iowa Dept. of Transp.*, 257 N.W.2d 22, 25 (Iowa 1977).

*Davoren*, 277 N.W.2d at 603–04.

 In considering whether the agency acted unreasonably and arbitrarily, we turn to agency rules that bear on the problem.

There is no dispute that at least initially petitioner was "genuinely attached to the labor market" and available for work under 370 I.A.C. section 4.22(1)(b),[1] inasmuch as she had registered with Job Service, sent out several applications for employment as a teacher, and was on the UNI placement list. Even when her benefits were terminated, the type of service Brumley was offering—schoolteaching—was generally performed in the geographical area in which she was offering it. 370 I.A.C. § 4.22(1)(b).

1. 370 I.A.C. section 4.22(1)(b) provides:

*Available for work.* The availability requirement is satisfied when an individual is willing, able, and ready to accept suitable work which the individual does not have good cause to refuse, that is, the individual is genuinely attached to the labor market. Since under unemployment compensation laws, it is the availability of an individual that is required to be tested, the labor market must be described in the terms of the individual.

However, a myriad of Job Service administrative rules bear on interpretation of the section 96.4(3) language previously quoted. See 370 I.A.C. sections 4.22–.24, all with many subparagraphs.

We believe two rules are particularly important under this record. Rule 4.22(1)(u), relied on by Job Service, provides:

*Available for work.* To be considered available for work, a claimant must at all times be in a position to accept suitable employment during periods when such work is normally performed. As a claimant's length of unemployment increases and such claimant has been unable to find work in his (her) customary occupation, such claimant *may be* required to seek work in some other occupation in which job openings exist, or if that does not seem likely to result in employment, such claimant *may be* required to accept counseling for possible retraining or a change in occupation.

(Emphasis supplied.) This rule implies that the claimant is allowed to seek work limited to her customary occupation for some period of time and to draw benefits while doing so. However, the rule does not state how long a claimant may draw benefits while so limiting her search. As the length of unemployment increases, the rule states claimant "may be" required to seek work in another occupation or accept counseling for retraining. We agree with petitioner the rule is ambiguous as to the length of time she could restrict her work search to her customary occupation and implies that prior to disqualification from benefits she would receive some notice or direction from Job Service to expand her search.

A labor market for an individual means a market for the type of services which the individual offers in the geographical area in which the individual offers them. Market in that sense does not mean that job vacancies must exist; the purpose of job insurance is to compensate for the lack of job vacancies. It means only that the type of services which an individual is offering is generally performed in the geographical area in which the individual is offering them.

Rule 4.23(28) supports that implication and petitioner's position. That rule provides: "The claimant will be ineligible for benefits because of failure to make an adequate work search after having been previously ·warned and instructed to expand his (her) search for work." 370 I.A.C. § 4.23(28).

It is thus apparent that the agency's own rules require that claimant be given some warning or instruction to expand her search for work prior to being disqualified from benefits on the ground of inadequate work search. Brumley's first notice, that limiting her search for work to her customary occupation would disqualify her from benefits, was the initial decision by the claims deputy on October 3 disqualifying her retroactively as of September 24.

According to section 17A.19(8)(c), if a petitioner has had substantial rights prejudiced because the agency action is in violation of an agency rule, the court shall reverse, modify, or grant any other appropriate relief `from the agency action. However, the court will also so act where the agency action is unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion. § 17A.19(8)(g).

We hold that Job Service did not comply with the obligation under its own rules to notify petitioner prior to her disqualification from unemployment compensation benefits that she was required to expand her search for work beyond her customary occupation.

■ This holding comports with our belief that the Employment Security Law should be interpreted liberally to achieve the legislative goal of minimizing the bur-den of involuntary unemployment. *See Smith v. Iowa Employment Security Commission,* 212 N.W.2d 471, 472–73 (Iowa 1973).

Accordingly, the action of Job Service in disqualifying petitioner from benefits under this record on the basis of being "unavailable for work" was unreasonable and arbitrary. § 17A.19(8)(g). The case is reversed and remanded to the agency for action consistent with this opinion.

**REVERSED AND REMANDED.**