Bryan R. SAVAGE,
Petitioner-Appellant,

v.

IOWA DEPARTMENT OF JOB SERVICE, Respondent-Appellee.

No. 83–1614.

Court of Appeals of Iowa.

Nov. 20, 1984.

Helen Stirling and David L. Dorff, Des Moines, Iowa, for petitioner-appellant.

Blair H. Dewey, Walter F. Maley, and Joseph L. Bervid, Des Moines, Iowa, for respondent-appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Claimant appeals from the district court decision on judicial review affirming the agency's decision that he was ineligible to continue receiving unemployment benefits.

Claimant was employed at Marshall Pack in Marshalltown from March of 1981 until February of 1982 when the plant closed and claimant was laid off. He had worked shifts of 7:00 a.m. to 3:30 p.m. and 7:30 a.m. to 4:00 p.m. Claimant applied for and began receiving unemployment benefits. In September of 1982 claimant enrolled in three classes at the Des Moines Area Community College. He subsequently dropped one of the classes. Claimant testified he was in class five days a week from 9:00 a.m. until 1:00 p.m. and had time to complete all of his homework in between the two classes. Claimant testified he was taking nine hours and that the school considered eleven hours to be a full-time load. He stated on his original statement that he would not be willing to quit school to accept employment.

The hearing officer made the following findings of fact: "The claimant, Bryon [sic] R. Savage, is a student attending DMACC until 1:00 p.m., every day of the week. The claimant earned his wage credits from 7:00 until 3:30 p.m. and from 7:30 a.m. until 4:00 p.m." After quoting Iowa Code section 96.4(3), the hearing officer made the following conclusions of law:

Students devoting the major portion of their time and efforts to their studies are deemed to have no reasonable expectancy of securing employment except if the students are available to the same degree and to the same extent as they accrued wage credits. In the matter under review, the claimant is not available to the same degree and to the same extent as he accrued wage credits and the claimant does not meet the availability requirements of Section 96.4–3 of the Iowa Code. Accordingly, the decision of

the deputy is correct and shall be affirmed.

The appeal board affirmed the hearing officer's denial of benefits and adopted his reasoning, findings of fact, and conclusions of law.

On judicial review the district court affirmed the agency's decision stating that claimant devotes the major portion of his time for studying and has no reasonable expectation of securing employment when he limits his availability to starting work after 1:00 p.m. The district court noted that claimant was not available to the same degree and same extent as when he accrued wage credits since he accrued his wage credits from 7:00 a.m. to 3:30 p.m. or 7:30 a.m. to 4:00 p.m.

■ Our review under Iowa Code section 17A.20 is limited to a determination of whether the district court made errors of law when it reviewed the agency action under section 17A.19. *Woods v. Iowa Department of Job Service*, 315 N.W.2d 838, 840 (Iowa Ct.App.1981). In order to make that determination this court applies the standards of section 17A.19(8) to the agency decision to determine whether this court's conclusions are the same as those of the district court. *Peoples Memorial Hospital v. Iowa Civil Rights Commission*, 322 N.W.2d 87, 91 (Iowa 1982). We are bound by the agency's findings of fact if they are supported by substantial evidence. Evidence is substantial if a reasonable mind could accept it as sufficient to reach the same findings. The fact that a different conclusion could have been reached is irrelevant. *New Homestead v. Iowa Department of Job Service*, 322 N.W.2d 269, 270 (Iowa 1982). However, neither we nor the district court is bound by the agency's legal conclusions. *Green v. Iowa Department of Job Service*, 299 N.W.2d 651, 655 (Iowa 1980).

■ Iowa Code section 96.4(3) provides that eligibility for benefits requires that the individual be available for work. The claimant has the burden of showing that he or she is available. *New Homestead v. Iowa Department of Job Service*, 322

N.W.2d at 270. The hearing officer and the district court in this case found claimant to be unavailable because of his status as a student.

The agency has an administrative regulation on this issue which provides:

Full-time students devoting the major portion of their time and efforts to their studies are deemed to have no reasonable expectancy of securing employment except if the students are available to the same degree and to the same extent as they accrued wage credits they will meet the eligibility requirements of the law.

370 Iowa Administrative Code § 4.23(5). In order for this regulation to apply to claimant and bar him from receiving benefits he must be found to be a full-time student devoting the major portion of his time and effort to his studies. If he fits this category, he is disqualified unless he is available to the same degree and to the same extent as he accrued wage credits.

There is little case law interpreting and applying this rule. In *Davoren v. Iowa Employment Security Commission*, 277 N.W.2d 602, 603 (Iowa 1979), the claimant, a full-time law student, was laid off from his part-time employment at a pharmacy. The court held that he was disqualified under rule 4.23(5) from receiving benefits because he was a full-time student devoting the major portion of his time and effort to his studies. The court noted that rule 4.23(5) had been amended since claimant's application to provide an exception for "students available to the same degree and to the same extent as they accrued wage credits." The court observed, "It is decisive of [claimant's] claim that the amended rule does not apply in his case." *Id.* The court rejected claimant's equal protection challenge to the rule's rebuttable presumption of unavailability. In finding that claimant failed to rebut the presumption, the court considered the following facts:

When laid off, Davoren only applied at retail pharmacies. He did not apply for work at any of the pharmacies at the local hospitals. And he did not apply at any of the ten outlets in Des Moines of a competitor of his former employer. Davoren sought work in the area where he lives. Davoren did not volunteer to rearrange his class schedule. Neither did he offer to quit school.

We do not suggest that these efforts were a prerequisite for benefits. But, from the foregoing, the hearing officer could conclude that Davoren had not rebutted the presumption.

*Id.* at 605.

In the present case there is no finding by the agency or the district court that claimant is a full-time student. The only evidence in the record is claimant's testimony that he is considered a part-time student by the community college which he attends. We do not imply that a court must always accept the label of full-time or part-time as provided by the educational institution. However, it is significant that claimant is classified as a part-time student. Even more important than the label itself is the determination of whether claimant devotes the major portion of his time and effort to his studies. The only evidence in the record is that claimant spends from 9:00 a.m. until 1:00 p.m., five days per week, on his studies. This includes both time in class and time doing homework. If he sleeps an additional eight hours per day, claimant is left with twelve hours available for work, not counting time needed for transportation. Furthermore, claimant is not involved with school work on Saturdays or Sundays. Obviously claimant is not devoting the major portion of his time and energies to his studies. We disagree, therefore, with the legal conclusion of the agency and district court to the contrary.

Since claimant is not a full-time student devoting the major portion of his time and efforts to his studies, rule 4.23(5) does not apply to him and does not raise the presumption of unavailability for work. We next consider whether claimant has shown that he has a reasonable expectation of securing employment.

Unlike the claimant in *Davoren*, claimant in this case has placed no restrictions on his availability except for the time he spends at

school. The question, then, is whether claimant's restriction of being at school from 9:00 a.m. until 1:00 p.m. is reasonable and leads to a reasonable expectation of employment. In considering the availability requirement "the labor market must be described in the terms of the individual" seeking compensation. 370 Iowa Administrative Code § 4.22(1)(b).

Although the record is not specific concerning the duties claimant performed at his job, it is logical to infer from the company name, the hours of claimant's shift, and his level of education that he was engaged in "blue collar" work. Such work is usually available around the clock in three shifts. Claimant's restriction only prevents him from working one of the three shifts. The agency has concluded that a shift restriction in and of itself is not a bar to receipt of benefits in the following regulation:

> *Shift restriction.* The claimant does not have to be available for a particular shift. If a claimant is available for work on the same basis on which the claimant's wage credits were earned and if after considering the restrictions as to hours of work, etc., imposed by the claimant there exists a reasonable expectancy of securing employment, then the claimant meets the requirements of being available for work.

370 Iowa Administrative Code § 4.22(1)(d). Claimant is available to work the same number of hours he worked before at the same type of job on a different shift. Furthermore, aside from factory-type work, there are numerous jobs for which claimant would be qualified which do not require working from 9:00 a.m. to 1:00 p.m.

Each case must, of course, be decided on its facts. We conclude that in this case claimant has shown that he is available for work. Claimant is a part-time student who devotes only about four hours each weekday to school work. He has not unreasonably restricted the times he is available for work. We do not agree with the legal conclusions of the agency and district court disqualifying claimant just because he is a

student. Claimant was unemployed from February to September of 1982 when he decided to enhance his job prospects by returning to school. As long as he remains available to work the same number of hours as he did before and at reasonable times, claimant's attempt to equip himself with more marketable skills should not result in the loss of benefits. To hold otherwise would encourage individuals to wait until their benefits had run out before returning to school.

The decision of the district court is reversed and the case is remanded to the agency for an award of benefits.

REVERSED AND REMANDED.