Thomas TUTHILL, Petitioner-Appellant,

v.

IOWA DEPARTMENT OF EMPLOY-
MENT SERVICES, JOB SERVICE
DIVISION, Respondent-Appellee.

No. 86–981.

Court of Appeals of Iowa.

April 22, 1987.

Kevin G. Magee of Legal Services Corp. of Iowa, Des Moines, for petitioner-appellant.

Blair H. Dewey, William C. Whitten, and I. John Rossi, Iowa Dept. of Job Service, Des Moines, for respondent-appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Petitioner appeals the district court's affirmance of the Job Service determination that he was not eligible for unemployment benefits. We reverse.

There is little disagreement concerning the facts in this case. Petitioner Tuthill began work for Albrecht Acres as a full-time maintenance supervisor in May, 1985. From May until August, 1985, Tuthill worked from 8:00 a.m. to 8:00 p.m. After Tuthill began school at the Northeast Iowa Technical Institute in August 1985, he changed his full-time hours, with the consent of his employer, to afternoons, evenings, and weekends. Tuthill continued to work this schedule for his employer until December, 1985. He was laid off by his employer.

Tuthill filed a claim for unemployment benefits effective December 15, 1985. The Job Service claims deputy found that Tuthill did not meet the availability requirements of Iowa Code section 96.4(3) (1985) since Tuthill was a full-time student devoting his time and efforts to his studies. The Job Service hearing officer found that since the claimant's base period wage credits

were earned while working on the day shift, Tuthill was not available for employment to the same degree and extent as he was while earning his base period wage credits. He therefore affirmed the decision of the claims deputy denying Tuthill unemployment benefits. The Job Service appeal board affirmed the decision after concluding, with one dissenting opinion, that the decision was correct. On appeal, the district court upheld the Job Service decision and dismissed Tuthill's petition. The district court did not address the issue of the Job Service's interpretation of 345 Iowa Administrative Code section 4.23(5) and did not make an explicit finding on whether Tuthill was unavailable for work as a matter of law. The full text of the district court's order was:

> The finding that plaintiff's wage credits were earned prior to his commencing school appears to have support in the record although he did work for short periods in the later quarter.
>
> It is therefore ordered and decreed that the above cause is dismissed at plaintiff's cost.

■ We must emphasize that on appeal, this court will review the record *both* as to errors of law *and* to the substantiality of the evidence, to determine if our conclusions are the same as those of the district court. *See Richards v. Iowa Department of Revenue*, 360 N.W.2d 830, 831 (Iowa 1985); *Northwestern Bell Telephone Company v. Iowa State Commerce Commission*, 359 N.W.2d 491, 495 (Iowa 1984). Our supreme court has recently affirmed the principle the final agency decisions in "contested cases" should be affirmed by district and appellate courts "when there is no error of law *and* [emphasis added] the decision is supported by substantial evidence in the record as a whole. *Heatherly v. Iowa Department of Job Service*, 397 N.W.2d 670 (Iowa 1986). The substantial evidence test is applied to agency findings of fact. *Quenot v. Iowa Department of Job Service*, 339 N.W.2d 624, 626 (Iowa Ct.App.1983). Where, on the other hand, an agency's legal conclusions are challenged on judicial review, the court examines legal questions by examining the whole record and may substitute its legal judgment for that of the agency. *Cook v. Iowa Department of Job Service*, 299 N.W.2d 698, 701 (Iowa 1980). Deference will be given to an interpretation of a statute by the offices or agency charged with its administration. *Giordano v. Roudebush*, 617 F.2d 511, 516 (8th Cir.1980). However, though we give weight to the agency's interpretation, it is not binding on us. *Quenot v. Iowa Department of Job Service*, 339 N.W.2d at 626. The question we are asked to decide in this case is whether the agency's interpretation of 345 Iowa Administrative Code section 4.23(5) is correct as a matter of law.

■ We believe the only reasonable construction of Iowa Administrative Code section 4.23(5) is that all of a full-time student's work history must be considered in determining availability for work and not just availability during the base period. Iowa Administrative Code section 4.23(5) provides:

> Full time students devoting the major portion of their time and efforts to their studies are deemed to have no reasonable expectancy of securing employment except if the students are available to the same degree and to the same extent as they accrued wage credits they will meet the eligibility requirements of the law.

Iowa Code section 96.4(3) requires that the individual is able to work, is available for work, and is earnestly and actively seeking work. Failure to apply for or accept suitable work will result in disqualification of an individual from unemployment benefits. *Id.*

■ It is not disputed, in this case, that Tuthill was actually working the full-time afternoon, evening, weekend shift prior to his layoff. It is not disputed that Tuthill had been working this shift for over four months before being laid-off. The Job Service contends that since the previous quarter is excluded from a determination of the base period, the agency should not consider reports of the wage credits earned during this four-month period in making a determination of availability for work. Sig-

nificantly, the administrative rule in question, 4.23(5), was actually changed in 1976 so that students who could show they were available for work and seeking work could meet the availability requirements necessary for securing unemployment benefits. *See Davoren v. Iowa Employment Security Commission,* 277 N.W.2d 602, 603 (Iowa 1979). Students who are able to demonstrate that they are attached to the job market are able to receive benefits. As 345 Iowa Administrative Code section 4.22(1)(b) provides:

> **b. Available for work.** *The availability requirement is satisfied when an individual is willing, able, and ready to accept suitable work which the individual does not have good cause to refuse, that is, the individual is genuinely attached to the labor market. Since, under unemployment compensation laws, it is the availability of an individual that is required to be tested, the labor market must be described in the terms of the individual.* A labor market for an individual means a market for the type of services which the individual offers to the geographical area in which the individual offers them. Market in that sense does not mean that job vacancies must exist; the purpose of job insurance is to compensate for the lack of job vacancies. It means only that the type of services which an individual is offering is generally performed in the geographical area in which the individual is offering them. [emphasis added]

The emphasis is on the individual's actual attachment. Given this emphasis, it makes little sense to here ignore over four months of actual attachment and concentrate on a less relevant base period determination of hours worked to determine a student's availability.

The Job Service's rules are generally oriented to specific situations of particular individuals. Illustrations of this guiding principle may be found in 345 Iowa Administrative Code 4.22(1)(d), (e) and (f), which provide:

> **d. Shift restriction.** The claimant does not have to be available for a particular shift. If a claimant is available for work

on the same basis on which the claimant's wage credits were earned and *if after considering the restrictions as to hours of work, etc., imposed by the claimant there exists a reasonable expectancy of securing employment, then the claimant meets the requirements of being available for work.*

> **e. Job test.** *The best method of testing availability for work is an offer of work of job test.* If a job test is not possible because of lack of a suitable offer, the active search for work is relied on and conclusions are likely to be based entirely on the fact that the claimant did or did not make such search, without regard to the fact that the claimant's personal efforts had little probability of success.

> **f. Number of employer contacts.** *It is difficult to determine criteria as to manner in which active and earnestly may be interpreted.* Much will depend on the estimate of employment opportunities in the area. The number of employer contacts which might be appropriate in an area of limited opportunities might be totally unacceptable in another area of unlimited opportunities. *The number of contacts that a claimant must make is dependent upon the condition of the local labor market, the duration of benefit payments, a change in claimant characteristics, job prospects in the community, and such other facts as the area claims office deems necessary.* [emphasis added]

Clearly, these and many other Job Service rules are designed to permit a close examination of the particular circumstances of people confronted with real situations in a complex and changing job market. In this context, the Job Service's assertion that it cannot examine four months of actual work to determine a claimant's availability makes little sense.

Under the reasoning of the agency, the following situation should be considered. Claimant works afternoons, evenings, and weekends for most or all of the base period. Then, in the four months prior to layoff, the claimant changed to an 8:00 a.m. to 8:00 p.m. schedule. Claimant is then

laid-off and applies for benefits. The agency is able to identify employment opportunities for claimant during the 8:00 a.m. to 8:00 p.m. period. Claimant refuses such employment arguing that the agency must only look to the base period in determining his job availability and since he was only available afternoons, evenings, and weekends during that base period, he is now not available for work 8:00 a.m. to 8:00 p.m. Such an argument would, of course, be patently absurd and would likely run afoul of provisions such as 345 Iowa Administrative Code 4.23(16) which provides for disqualification when the employee is not willing to work during hours in which suitable work is available. The agency would certainly not want us to announce a rule which forbids agency examination of a claimant's availability for work during a claimant's most recent employment history which may, in fact, have occurred outside of the base period.

We conclude, therefore, that as a matter of law 345 Iowa Administrative Code section 4.23(5) requires a determination of availability for work of full-time students by an examination of all relevant employment, including the most recent period of employment.

In light of the foregoing, we are compelled to reverse the district court and order an award of all appropriate unemployment benefits to petitioner.

REVERSED.