**IN THE COURT OF APPEALS OF IOWA**

No. 23-1915
Filed November 13, 2024

**IN RE THE MARRIAGE OF HOLLY ANN KINCEL
AND HEATH PAUL KINCEL**

**Upon the Petition of
HOLLY ANN KINCEL,**
 Petitioner-Appellee,

**And Concerning
HEATH PAUL KINCEL,**
 Respondent-Appellant.
_____

 Appeal from the Iowa District Court for Mahaska County, Joel D. Yates, Judge.

 A former husband appeals the decree dissolving his marriage, alleging several errors by the district court. **AFFIRMED.**

 Heath P. Kincel, Pella, self-represented appellant.

 Dustin D. Hite of Heslinga Law Firm, Oskaloosa, for appellee.

 Considered by Tabor, C.J., and Chicchelly and Sandy, JJ.

**TABOR, Chief Judge.**

Heath Kincel, representing himself, asks us to vacate the decree dissolving his marriage to Holly Kincel.[1] He alleges in his issue statement that the district court abused its discretion "in denying the admission of relevant evidence that would have materially and substantially changed the outcome of the case." But his brief does not support that allegation with an argument containing "citations to the authorities relied on" or "references to the pertinent parts of the record." *See* Iowa R. App. P. 6.903(2)(a)(8)(3). Thus, we find that issue waived. *See In re Estate of DeTar*, 572 N.W.2d 178, 180 (Iowa Ct. App. 1997) (stating litigants proceeding without a lawyer do so at their own risk).

Heath then raises these claims: (1) the district court violated the law in granting Holly's request to waive mediation based on a domestic abuse protective order; (2) Holly lied under oath; (3) the court unfairly ordered him to pay temporary spousal support; and (4) the court abused its discretion by finding Holly credible at trial, by limiting his examination of Holly, and by questioning him but not Holly.

To the extent that we can reach these claims, our review is de novo. *In re Marriage of Mauer*, 874 N.W.2d 103, 106 (Iowa 2016). We give weight to the factual findings of the district court, especially when considering the credibility of witnesses, but we are not bound by them. *See id.*

**Waiver of Mediation**. In August 2022, the State charged Heath with domestic abuse assault causing injury, and the court ordered him to have no

---

[1] The decree granted the parties joint legal custody of their three children and placed them in Holly's physical care with visitation for Heath. It also ordered Heath to pay $802 per month in child support and $200 per month towards delinquent child support. The decree also divided the parties' property and debts.

contact with Holly. The next month, Holly successfully sought a protective order under Iowa Code chapter 236 (2022). Heath later pleaded guilty to violating the no-contact order. On October 7, Holly moved to waive the mandatory mediation requirement in Iowa Code section 598.7, citing the no-contact orders. The court granted her waiver request the same day.

On appeal, Heath acknowledges that the mediation statute requires the court to grant a waiver in dissolutions involving a history of domestic abuse. Iowa Code § 598.7(1) ("The provisions of this section shall not apply to actions which involve . . .domestic abuse pursuant to chapter 236."). But he suggests that despite the no-contact orders, mediation could have occurred on a remote video platform such as Zoom. He did not make this argument in the district court. But he contends the quick ruling "robbed" him of his ability to object to Holly's motion. We find that Heath had options to challenge the court's granting of the waiver that he did not employ. *See, e.g.*, Iowa R. Civ. P. 1.904(2). Thus, he did not preserve error on this issue.

**Holly's Credibility.** Heath claims that Holly "lied on at least three documents" including affidavits filed in the district court. But he cites no portion of the record supporting that claim. *See* Iowa R. App. P. 6.903(2)(a)(8)(3). So we have nothing to review.

**Temporary Spousal Support**. In March 2023, the district court ordered Heath to pay $789 per month in temporary spousal support. In setting that sum, the court considered Holly's affidavit stating that she continued making mortgage payments in that amount. Heath complains on appeal that the court ignored the fact that he was "struggling to make ends meet."

In reply, Holly points out that Heath's notice of appeal specified that he was challenging the final decree and the denial of his motion for a new trial. *See* Iowa R. App. P. 6.102(1)(b). The notice did not mention the order on temporary matters. "[A] notice of appeal must sufficiently describe the judgment or order appealed from so as to leave no doubt as to its identity." *Schrader v. Sioux City*, 167 N.W.2d 669, 672 (Iowa 1969). Given the narrow scope of the notice of appeal, we conclude that our jurisdiction is limited to reviewing the final decree and the order denying Heath's new trial motion.

**Trial Management**. In his final claim, Heath contends that the district court made three errors in conducting the trial. First, he argues that the court abused its discretion in not allowing him to present "rebuttal" exhibits which he asserts showed that "Holly was lying." Second, Heath objects to the court's limitation on his cross-examination of Holly. And third, Heath complains that the court asked him questions during his testimony but did not do so for Holly.

On his first claim, Heath suggests that he was not allowed to offer "rebuttal" exhibits at trial. Heath points to an exchange with the district court where he offered an exhibit, and the court responded: "So here's what I want to do. Delete any reference to rebuttal. This is not rebuttal evidence." But the court then admitted the exhibit, subject to Holly's objection that Heath had not shared his exhibits seven days before the proceeding, as required in the order setting trial.

From our reading of the transcript, the court was clarifying that Heath's exhibits were not technically "rebuttal" evidence. Heath was offering his exhibits as part of his case-in-chief. Rebuttal evidence is admissible if it "explains, repels, controverts, or disproves" evidence offered by the defendant or respondent.

*Carolan v. Hill*, 553 N.W.2d 882, 889 (Iowa 1996); *see also id.* (holding evidence can be offered in rebuttal even if it "technically could have been offered as part of plaintiff's case-in-chief"). Because the district court did not exclude Heath's exhibits, we find no merit to his claim.[2]

Second, Heath provides no citations to the trial transcript to support his claim that the court limited his questioning of Holly. *See* Iowa R. App. P. 6.903(2)(a)(8)(3). And as Holly notes, his cross-examination of her spanned forty pages. Thus, we find no basis to grant Heath relief on this ground.

On Heath's third claim, we find no error. "When necessary, the court may examine a witness regardless of who calls the witness." Iowa R. Evid. 5.614(b). The court guided some of Heath's initial testimony to "get [him] focused" but afterward he had the chance to direct his own exam. The court acted "as a neutral force" to clarify what Heath was seeking as relief and did not prejudice his rights. *State v. Cuevas*, 288 N.W.2d 525, 531−32 (Iowa 1980).

Finding no error in the court's conduct of the trial, we affirm the decree.

**Appellate Attorney Fees**. Finally, Holly asks for appellate attorney fees of $4000. Such an award is not a matter of right; it is a discretionary call for our court. *See In re Marriage of Towne*, 966 N.W.2d 668, 680 (Iowa Ct. App. 2021).

We realize that Holly had to defend the district court's decision on appeal and did so successfully. *See In re Marriage of Michael*, 839 N.W.2d 630, 639

---

[2] Heath also accuses Holly and her attorney of engaging in fraud. His accusation lacks support in the record, and we do not consider it.

(Iowa 2013). But, giving due consideration to the parties' financial positions, we decline to award appellate attorney fees. *See id.*

**AFFIRMED.**